## David E. Smith v. J. D. Fly.

Where a tract of land has been bought and paid for, as containing a certain number of acres, (the purchaser relying on the representations of the vendor, as to the quantity,) the vendor will not be excused from liability to account for a deficiency in the number of acres, because his deed describes the tract as containing the quantity sold, *more or less;* if the deficiency be so great, that it cannot be supposed, it was intended to have been within the risk of the parties, and to be embraced by the words " more or less."

To recover back a proportion of the purchase-money, in such a case, the purchaser must resort to a court of equity, for relief against the mistake which has been carried into the deed.

Where the statute of limitations is applicable to a claim in our courts, it must have its full effect and operation upon it, whether the case be one of legal or of equitable cognisance.

But if the statute do not, in terms, apply to the case, it will be governed by the analogies, in like cases, which are expressly within its provisions.

By the analogies of the statute of limitations, applicable to a case of legal cognisance, the period of two years from the accruing of the right of action, will bar a suit to correct a mistake in a deed, like that committed in this case, and for compensation for the deficiency in the quantity of land purchased.

Whether fraud, or mistake, will be admitted as an exception to the running of the statute, is an open question in this court. But if it be admitted as such, it is well settled, that it will only prevent the running of the statute until the fraud is discovered, or, by the use of reasonable diligence, might have been discovered, by the party applying for relief.

Where the plaintiff has negligently failed to ascertain the existence of a mistake in fact, upon which his cause of action depends, when there was nothing in the nature of the fact to prevent a discovery of it, he cannot set up as an exception to the statute of limitations, that he had not discovered the mistake.

The acknowledgment in writing, necessary to take a case out of the operation of the statute of limitations, must show positively that the debt is due, either in whole or part, and must be unqualified.

An agreement which contains neither an express promise to pay any sum whatever, nor an acknowledgment upon which such promise can be raised, by implication of law, is not sufficient to take the case out of the operation of the statute.

The defence of the statute of limitations may be interposed by demurrer, or exception.

Appeal from Gonzales. Tried below before the Hon. Fielding Jones.

23

This was a suit brought by David E. Smith against John D. Fly, on the first day of April, 1859, to recover damages for an alleged deficiency of 115 acres, in a tract of land purchased by him from the defendant, on the 29th of December, 1853.

The petition alleged, that on the day last aforesaid, the plaintiff purchased of the defendant a tract of land therein described, and that the defendant then executed to him a deed, which was made a part of the petition; that at the time of the said purchase and the receipt of the deed, the tract was represented by Fly to contain 500 acres of land, and the contract price agreed upon between them was six dollars per acre; that the plaintiff, on same day, paid to the defendant therefor, the sum of $3000, the plaintiff believing, at the time, that the tract did contain 500 acres, as was represented to him; and in the sale, purchase and payment, the land was rated at six dollars per acre.

The plaintiff alleged, that the said tract. contained but 385 acres; which fact he did not discover, until during the month of January, 1859. He admitted that he did not believe that Fly knew of the deficiency, at the time of the sale.

The deed was in the ordinary form of a warranty deed, and in that part of it, which set forth a description of the land, at the close of the field notes of the survey, stated, that it contained "five hundred acres, *more or less.*"

The petition further alleged, that the defendant and the plaintiff, on the 21st day of March, 1859, entered into a *written agreement,* (which was made an exhibit, and a part thereof,) which recited, that on the 29th day of December, 1853, the plaintiff purchased of the defendant, the said tract of land; and that, "whereas, it was supposed, by the said Fly and Smith, that the said tract of land contained, as specified in said deed, near about 500 acres; and whereas, the said land has since been surveyed, (the same not having been surveyed at the time of the making of said deed, to the said Smith,) and it is ascertained, that the said tract of land falls far short of containing 500 acres,

only containing, as represented by said Smith, 385 acres; and whereas, the said Fly purchased the same tract of land, from J. S. Brown and Margaret his wife, by deed, bearing date the 25th day of May, 1853, and recorded in Gonzales county, record book of deeds I, on pages 395 and 396, and it was supposed by the said Fly and Brown, that the said tract of land contained 500 acres, or near about that quantity; and whereas, the said Smith has called upon the said Fly to refund back to him the difference between the 500 acres, and what the said tract of land does really contain, at six dollars per acre, the price that said Smith paid said Fly for the said land, and the interest on the difference, from the date of said purchase to this time; and whereas, the said Fly is desirous to have recourse, first, over on said Brown, for the difference in the said tract of land, at the price said Fly paid for the same, viz., $5.30 per acre; and whereas, the said Smith and Fly have agreed to have but one suit between said Brown, Fly, and Smith, for the settlement of the said difference, the said Fly alleging and contending that the said Smith is not to recover of him, only what the said Fly shall recover from the said Brown; and whereas, it is thought best that the said Fly and Smith shall unite to recover out of Brown, and to divide the expenses and costs; this now is to witness, that the said Smith and Fly have agreed to place the said matter into the hands of William H. and Thomas R. Stewart, to bring such suit as they, as the attorneys, may think best, for the recovery from said Brown, the said difference, and for the settlement of the said matter; and the said Smith and Fly agree equally to pay all the costs and expenses of any suit that may be brought by the said Stewarts, and also the attorney's fee.   But this agreement is not to preclude or prevent the said Smith from suing, separately, the said Fly, nor the said Fly from suing the said Brown, if they, the said Stewarts, shall think it best, and in case no joint suit shall be brought."

The petition alleged, that the defendant, after the execution of the foregoing agreement, notified the said Stewarts, that he

refused to comply with the terms of the same ; whereby he represented that he had been damaged $1000. That he had, since his purchase, made valuable improvements ; that he would not have made the said purchase, if he had not believed that the tract contained 500 acres. The plaintiff prayed for a judgment against the defendant, for his damages, amounting, as he averred, to $1000, and also for the difference between what the tract of land really contained, in acres, and what it was represented by the defendant to contain, at the rate of six dollars per acre, for the deficiency in the land, amounting to $690, and for legal interest thereon, from the said 29th day of December, 1853.

The defendant demurred to the petition, and set forth the following causes thereof:

1. The deed exhibited in the petition, on which the plaintiff sues, and which purports to be the written contract between the parties, shows on its face, that the land was sold by the defendant, and bought by the plaintiff, as an entire tract, for an agreed price for the same; and the plaintiff does not aver fraud, misrepresentation, or any facts that will qualify or vary the legal conclusion upon such contract.

2. Plaintiff contradicts the terms of the deed, without bringing himself within any exception that will avoid the same.

3. Plaintiff's petition shows that his cause of action is barred by the statute of limitation of two years.

4. And the same appears to be barred by the statute of four years.

The defendant excepted to the agreement between the parties, dated the 21st of March, 1859, and made a part of the petition, because of its irrelevancy ; that it showed on its face that it was without consideration; that it showed a want of mutuality, and did not purport to bind the parties. The defendant also pleaded to the facts, the statute of limitations of two and four years.

The demurrer to the petition was sustained by the court, on the ground that the plaintiff's action was barred by the statute of limitations; and the exceptions to the agreement were also sustained. Judgment was rendered for the defendant.

The plaintiff appealed, and assigned for error: 1st. The sustaining of the demurrer and exceptions. 2d. That in rendering the judgment on the demurrer, the court erred in thereby refusing to let the case go to the jury, on the question of limitation. 3d. Sustaining the exceptions to the agreement.

*W. H. Stewart,* for the appellant.—The court erred in assuming that the action was barred by limitation : for limitation is a fact to be found by the jury, as any other fact. If the original cause of action was barred, the subsequent agreement between the parties, was such an acknowledgment, as removed the bar of limitation. (Webber v. Cochrane, 4 Texas Rep. 31; Coles v. Kelsey, 2 Id. 541.) Although the original cause of action be barred, yet the subsequent agreement was not obnoxious to that objection, and the breach thereof, as alleged, constituted a good cause of action.

Gross mistake in the quantity of land purchased, is proper cause for the interposition of the equitable powers of the court. (1 Sugden on Vendors, p. 431, §§ 3, 4; Glover v. Smith, 1 Dessaus. 433; 4 Kent, Com. 466.) No time is prescribed, within which action must be brought for cancellation of a deed, or rescission of a contract. (Mason v. McLaughlin, 16 Texas Rep. 29.)

Fraud and gross mistake are in many respects analogous, and it is clear, that in cases of fraud, the cause of action accrues from the date of the discovery of the fraud. (Mason v. McLaughlin, 16 Texas Rep. 29.) Limitation of two or four years, as pleaded, is not applicable to the case at bar. (Gibson v. Fifer, 21 Id. 264.)

*Fly,* for the appellee.

WHEELER, C. J.—It appears to be well settled that, in the sale of land, where there has been misrepresentation as to the quantity, though innocently made, and the parties were under a mistake as to the quantity, and the deficiency is so great as to

have been material, in the object of the purchase, affecting the essence of the contract, equity will grant relief.. (1 Sugden on Vendors, ch. 7, § 3; Mitchell v. Zimmerman, 4 Texas Rep. 75; 4 Kent, Com. 457; 1 Story, Eq. § 141.) And this, says Judge STORY, would be so, although the land was described as so many acres, "more or less." It would certainly be so, where the land is sold by the acre, and the statement of the quantity of acres in the deed is not mere matter of description, but is of the essence of the contract.

The plaintiff alleges, that he bought and paid for the land, by the acre; that there was misrepresentation, and a mistake as to the quantity of land conveyed; and that it fell short 115 acres, of the quantity the tract was supposed to contain, and the deed purported to convey. A deficiency so great, in a sale by the acre, of a tract of 500 acres, can scarcely be supposed to have been within the risk which the parties meant to incur, or to have been intended to be embraced by the words "more or less," employed in the deed. There can be little doubt, that the allegations of the petition show a cause of action; and the question is, whether it was barred by the statute of limitations, at the time of bringing the suit.

It has been adjudged, by very high authority, upon full consideration, that an action at law, for money had and received, could not be maintained in a case like the present, to recover back the money paid for the number of acres alleged to be deficient. The purchaser must resort to a court of equity to obtain relief on the ground of mistake. (Homes v. Barker, 3 Johns. Rep. 506, 510.) If the present suit be regarded as an action at law, for money had and received, or as an action to recover back, money paid by mistake, it must be held that the cause of action accrued immediately upon the payment of the money; and consequently, that the right of action was barred. Thus, where a personal representative, having found a mortgage deed among the testator's papers, assigned it, and it turned out to be a forgery, it was held, that the assignee could not recover back from the assignor his money; the assignment not having taken place

within the period of the statute of limitations, (then six years,) though the discovery that the deed was a forgery, was made within that time, and it not appearing that the assignor knew it to be a forgery. (Bree v. Holbech, Doug. Rep. 654; and see United States Bank v. Daniel, 12 Pet. 32; Angell on Limitations, § 116.)

But the present is not a case in which an action at law, to recover back money paid by mistake, would be the proper remedy, in those countries where the jurisdiction of law and equity are distinct. The ground of relief is the mistake, which having been carried into the deed, the remedy is in equity. In the case first above cited, (3 Johns Rep. 510,) KENT, C. J., said: "I confess that I have struggled hard, and with the strongest inclination, to see if the action for money had and received, would not help the plaintiff in this case; but I cannot surmount the impediment of the *deed*, which the plaintiff has accepted from the defendant, and which contains a specific consideration, in money and the quantity of acres conveyed, with the usual covenant of seisin. Sitting in a court of law, I think I am bound to look to the deed, as the highest evidence of the final agreement of the parties, both as to the quantity of the land to be conveyed, and the price to be given for it. If there be a *mistake* in the deed, the plaintiff must resort to a court of equity, which has had a long established jurisdiction in all such cases, and where even parol evidence is held to be admissible, to correct the mistake."

The plaintiff's case is one where the remedy is for equitable relief, upon the ground of mistake. (1 Story's Eq., §§ 141, 144.) Though the statutes of limitations are not, in their terms, applicable to courts of equity, yet, in administering relief, they act in obedience and analogy to the statute, and refuse relief wherever the claim would have been barred by the statute, if it had been made in a court of law. (Angell on Limitations, § 26; 12 Pet. 56; 1 Story's Eq., §§ 64 a, 529.) Courts of equity, it has been said, are no more exempt from statutes of limitations, than courts of law. (Id.) Where the statute is applicable to a claim

in our courts, it must have its full effect and operation upon it, whether the case be of legal or equitable cognisance. But if the statute does not in terms apply to the case, it has been held to be governed by the analogies in like cases, which are expressly within its provisions. (21 Texas Rep. 264; Leavitt v. Gooch, 12 Id. 95. If the present case, being a suit to correct a mistake, and for compensation for a deficiency in the quantity of the land purchased, is not expressly within the statute, the analogy would seem to be, to an action to recover back money paid by mistake, in those cases where the mistake is not of such character as that the law will hold the party paying concluded thereby, and would bring the case within the period of limitation prescribed in the first section of the statute. (O. & W. Dig., Art. 1333.)

In equity, as at law, the general rule is, that the cause of action arises whenever the party is entitled to bring suit; or, as soon as he has a right to apply to a court of equity for relief. (2 Story's Equity, § 1521 a.) In cases of fraud and mistake, it will not begin to run until the time of the discovery of the fraud or mistake. (Id.) Whether fraud or mistake will be admitted, as an exception to the running of the statute, is an open question in this court. (Smith v. Talbot, 18 Texas Rep. 782; Mason v. McLaughlin, 16 Id. 29.)

But if it be admitted as an exception, it is settled that it will only prevent the running of the statute until the fraud is discovered, or by the use of reasonable diligence, might have been discovered by the party applying for relief. Thus, in the case of Grundy v. Grundy, 12 B. Monroe, 269, it was held, in the case of a mistake as to the quantity of land sold, that the statute does not begin to run till the mistake is discovered, or until it ought to have been discovered. But the opinion of the court appears to have been, that to prevent the lapse of time from operating to bar the suit, the plaintiff must show that it was not for the want of ordinary diligence that the mistake was not discovered until within the period of limitation. (Id. 271.) And in Smith v. Talbot, 18 Texas Rep. 774, it was held by this

court to be the rule, where fraud is allowed as an exception to the statute, that the right of action shall be deemed to have accrued to the plaintiff at the time when the discovery of the fraud was made, or when, by the use of reasonable diligence, it might have been made; and the rule was applied in the determination of that case.

The plaintiff alleges that he did not discover the deficiency in the quantity of land, "until some time in the month of January last." But he does not assign any reason why the discovery was not sooner made. There was nothing in the nature of the fact, to prevent a discovery. A survey, which might have been made at any time, would at once have led to it. And the failure to resort to so obvious a means, in the absence of the suggestion of any other cause for the omission, can but be regarded as attributable solely to the plaintiff's own negligence. We think the discovery of a fact, susceptible of being so readily ascertained, ought to have been sooner made. The negligence of the plaintiff may have put it out of the power of the defendant to have recourse upon his vendor, and to permit a recovery against him after such a lapse of time, might work an irreparable injury, which it probably would not have operated, had the discovery been made earlier, when, we think, it ought to have been made. We are therefore of opinion, that the failure to discover the mistake is no answer to the running of the statute.

It is insisted for the appellant, that the agreement of the 29th of March, 1859, had the effect to take the case out of the operation of the statute of limitations. If so, it must be upon the ground that it contains an acknowledgment of the justice of the plaintiff's demand. (O. & W. Dig., Art. 1353.) The acknowledgment, to have the effect to take the case out of the operation of the statute, must contain an unqualified admission of a subsisting indebtedness. The rule laid down by the Supreme Court of the United States, in the case of Bell v. Morrison, 1 Peters, 351, and which has been adopted by this court, is, that the acknowledgment must show positively, that the debt is due, either wholly or in part, and must be unqualified. Judge STORY

there held, that if there be accompanying circumstances, which repel the presumption of a promise or intention to pay, or if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences only, it would not amount to an acknowledgment sufficient to take the case out of the operation of the statute. And such is the language of the modern decisions. (Angell on Lim. § 213, *et seq.*; Mitchell v. Clay, 8 Texas Rep. 443; Webber v. Cochrane, 4 Id. 31.)

The agreement in question, does not contain an unqualified admission of a subsisting debt, or of the justice of the plaintiff's claim. It does not contain a direct admission of the existence of the alleged deficiency, in the quantity of the land; but only that, "as represented," by the plaintiff, there is such a deficiency. There is no direct admission of liability to pay the amount claimed; but, on the contrary, an expression of unwillingness to pay the plaintiff more than he should recover of his vendor. Such language can, by no just interpretation, be construed into an unqualified admission of a subsisting debt. There is no express promise to pay any sum whatever, and no acknowledgment upon which such promise can be raised, by implication of law. We are of opinion, therefore, that there was no acknowledgment, sufficient to take the case out of the operation of the statute, and that the court did not err, in holding the plaintiff's suit barred thereby.

That the statute of limitations, may be interposed by demurrer or exception, expressly setting up that defence to the action, has been settled by former decisions. (Hopkins v. Wright, 17 Texas Rep. 30; Sayles' Practice, § 188.) The judgment is affirmed.

Judgment affirmed.