D. C. GIDDINGS v. J. A. HEISKILL, ADM'R.

CLAIMS AGAINST AN ESTATE.—The statutory mode of presenting claims to the administrator for allowance or approval is not the proper remedy to recover back money paid for land bought at administrator's sale where there is a deficit in the land sold.

APPEAL from Fort Bend. Tried below before the Hon. Livingston Lindsay.

P. E. Pearson, for appellant, cited Crayton v. Munger, 9 Tex., 285; Walton v. Reager, 20 Tex., 103.

REEVES, ASSOCIATE JUSTICE.—We are of opinion that the court did not err in disapproving appellant's claim. The claim is in the form of an account for three hundred and eighty-three dollars and sixty-three cents, with interest. The account and affidavit attached show the purchase by appellant of two tracts of land sold by Heiskill as administrator of the property of the estate of Miller. Appellant states that one of the tracts so purchased by him was estimated to contain 1,914 acres, for which he paid the sum of thirty-seven and a half cents per acre, amounting to $717.75, when as he states Miller had title to only 891 acres, as was afterwards ascertained. He alleges that he overpaid the administrator the sum of $383.63, as shown by his account, and which he is seeking to recover back from Miller's estate, for the deficiency in the number of acres, with interest from January 7, 1858.

The claim was allowed by the administrator, Heiskill, but was disapproved by the District Court by an order entered as the judgment of the court, and the claimant appealed. The deed from Heiskill, the administrator, to appellant recites that the administrator sold the interest of the estate in the land, describing the two tracts, the first as containing 400 acres and the other three-quarters of a league, less one-quarter sold to Milligan and 300 acres sold to Clark and wife. The deed shows the payment of $917.75 as the purchase-money for both tracts. It further appears that Miller had sold and conveyed to Milligan two-quarters of the league instead of one-quarter as recited in the deed to Giddings. Though Milligan's deed was recorded, the parties seem to have acted in the belief that he owned but one-fourth of the league, when his deed called for two-fourths of it. There is no allegation of mistake or fraud nor when the deficiency in the land was first discovered. Doubtless the parties overlooked the deed to Milligan, and were mistaken in the description they gave of his part of the league.

How far equity would afford relief on timely application by suit with proper parties before the court it is not necessary to decide in this case. The mistake enters into the deed under which appellant claims, and in such a case the mistake could only be corrected by allegation and proof of such facts as would show that the purchaser was entitled to relief. The statutory mode of presenting the claim to the administrator for allowance or approval was not the proper remedy to recover back the money for the deficit in the land. The account, it would seem, was barred by the statute of limitations when it was presented to the administrator for his action. The right of action accrued to appellant in 1858, and no facts are shown to prevent the running of the statute. (Smith *v.* Fly, 24 Tex., 345.)

The judgment of the District Court is therefore affirmed.

AFFIRMED.