### W. A. PASCHALL v. N. S. PENRY.

#### No. 3334.

1. **Practice in Motions in District Court.**—Motion to set aside an agreement made by attorneys was supported by the affidavit of the party making the motion. It was overruled. The record did not show that the motion was controverted or demurred to, nor that any testimony was introduced upon the hearing. *Held*, that the application supported by the ex parte affidavit of the party was sufficient to warrant the court in acting upon the allegations so verified, without further testimony.

2. **Agreements of Counsel.** — Counsel made an agreement by which judgment and foreclosure should be entered upon a vendor's lien note sued upon. The plaintiff was an indorsee of the note, and alleged that he was a bona fide holder before maturity. After the agreement defendant ascertained the fact that plaintiff held the note for the original payee. Application was at once made to set aside the agreement and permit defense to be filed, the facts showing a failure in title to one-half the land, etc. *Held*, error to refuse to set aside the agreement and allow the defense upon the merits.

3. **Failure of Title.**—See facts giving the maker of a vendor's lien note the right to defend upon want of title to the land.

ERROR from Kaufman. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*J. D. Cunningham*, for plaintiff in error.—1. The court erred in not setting aside the agreement entered into between counsel of plaintiff and defendant as to the judgment to be rendered, the same being made under a mistake as to the facts actually existing. Hancock v. Winans, 20 Texas, 320; McClure v. Sheeks' Heirs, 68 Texas, 429; Porter v. Holt, 73 Texas, 449.

2. The court erred in rendering judgment against plaintiff in error, because he had a good defense to plaintiff's cause of action in the court below, and should have been allowed to prove the same. In a suit on purchase money notes where the title of the land has failed, a failure of consideration can be pleaded and proved where the vendor has misrepresented the facts and is insolvent. Tarpley v. Poage's Admr., 2 Texas 148; Copeland v. Gorman, 19 Texas, 255; Cooper v. Singleton, 19 Texas, 260; 70 Texas, 24.

*Word & Charlton*, for defendant in error.

FISHER, JUDGE, *Section B.*—This is a suit by defendant in error against plaintiff in error on a promissory note executed and delivered by plaintiff in error to Frances Ann Herman. The note is for $300, and was given as a part of the purchase price of a certain tract of land purchased by plaintiff in error from Frances Ann Herman and S. L. Herman. Defendant in error alleges that he became the owner and purchaser of the note for value, and asks for judgment for the amount of the note, principal and interest, and for foreclosure of vendor's lien on the land. The suit was filed December 7, 1889. May 30, 1890, plaintiff and defendant by their attorneys entered into a written agreement, wherein it was agreed that judgment be rendered in plaintiff's favor for the amount sued for and foreclosure of the vendor's lien, and that no order of sale should issue before January 1, 1891.

The same day the agreement was made plaintiff in error presented to the court his application in writing, supported by his affidavit as to the truth thereof, asking that the written agreement so executed by the parties be set aside and he be permitted to present his answer to the merits of plaintiff's demand. As a part of his application he pleaded the facts that constitute his defense to the plaintiff's cause. It appears from the averments of the application that at the time of the purchase of the land by plaintiff in error from the Hermans they falsely and fraudulently represented to plaintiff in error that they were the owners of the land mentioned and described in the note sued on, and that they had a perfect title thereto, and that plaintiff in error purchased the land and executed the note relying upon the truth of such statements. A warranty deed was executed and delivered by the Hermans to plaintiff in error, conveying fifty-eight acres of land. The consideration paid therefor by plaintiff in error was $250 cash and two notes for $300 each. That the title to thirty acres of this land has failed, and that the same, at the time of the representations so made by the Hermans and at the time of the execution and delivery of the deed and before, was owned by the heirs of A. Cummings, who are threatening to bring suit therefor. The value of the thirty acres is alleged to be $350. It is further alleged, that plaintiff in error was ignorant of the existence of the superior title of the Cummings heirs at the time of his purchase; and further, that the Hermans are insolvent. It is further alleged, that defendant in error is not the true owner and holder of the note, but that he is simply a nominal plaintiff who sues for the use of Frances Herman, who is the true owner and holder of the note. The application asks that the Hermans be brought into the suit and for citation for such purpose, and for judgment against them for the value of the thirty acres of land. The application further states, that plaintiff in error executed the agreement that the defendant in error should have judgment under a mistake of facts; in this, that

the petition filed by defendant in error alleges that he became the owner and holder of said note for value before maturity, and that by reason of such allegations he was induced to believe that defendant in error was an innocent purchaser of the note, and thereby he could not urge against him in this suit his defense as set out in his application, and so believing he executed the agreement; that after the agreement was made he discovered that defendant in error was not the true owner and holder of the note, but that it was the property of Frances Herman.

The motion and application to withdraw the agreement and to permit plaintiff in error to interpose his defense was filed May 30, 1890, and was by the court overruled, by order to that effect entered June 5, 1890. On June 23, 1890, judgment was rendered in behalf of defendant in error in accord with the terms of the agreement and the prayer for relief in plaintiff's petition.

The refusal of the court to set aside the agreement and to permit plaintiff in error to interpose his defense as set up in his application is the sole question for our consideration. No evidence appears in the record offered by plaintiff in error in support of the averments of his application, but he seems to have relied solely upon his affidavit of the truth of the facts therein alleged as sufficient proof thereof. Appellee insists that the failure to offer evidence in proof of the averments of the application alone justified the court in overruling the motion, and that the ex parte affidavit of plaintiff in error could not have the effect to dispense with evidence proving the averments of the application.

No counter-affidavit was filed by defendant in error controverting the facts alleged in the application, and it seems no motion or demurrer was presented in the court below raising this question. We think that applications supported by the ex parte affidavit of the party are sufficient to warrant the court in acting upon them when they seek to question agreements made by counsel during the progress of a cause. If counter-affidavits are filed controverting the facts alleged in the application, then evidence would be required from the actor to prove the averments of his application. This question was virtually passed upon in the case of Porter v. Holt, 73 Texas, 449, though the point here discussed was not in that case directly raised; but the court in the absence of a controverting affidavit entertained the application of the party supported alone by his affidavit.

Agreements of parties made during the progress of a cause with reference thereto are not governed by the rules of law that ordinarily apply to contracts when entered into, and relief should be often granted in setting aside and modifying such agreements as the court in its discretion may deem proper, in order that an improper advantage may not be taken, and that justice may be reached in the final result. 73 Texas, 449.

The allegation contained in the petition may not have had the effect of inducing plaintiff in error to believe that defendant in error was a purchaser of the note before maturity, as the only averment upon this subject is, that the plaintiff "was a purchaser for value;" but the effect of the allegation is to place the ownership of the note in the defendant in error. If we were governed by the rules of equity that relate to the cancellation and rescission of contracts made through mistake, we would hold that the facts in this case out of which the alleged mistake arose are not sufficient to entitle plaintiff in error to relief. But tested by the rule that we have announced governing agreements made during the progress of causes coming promptly, as the application did in this case, asking for relief upon the day of the discovery that the defendant in error was not the owner of the note, we think it should have been granted and the agreement set aside, provided the facts alleged in the application constitute a defense to recovery on the note.

The averments of the application make a case wherein plaintiff in error was, by reason of false and fraudulent representations as to the ownership of certain lands, induced to purchase the land and execute the note sued on. It appears these representations as to ownership are false, and that plaintiff in error relied upon the truth thereof when he purchased the land. That thirty acres of the fifty-eight purchased are owned by other parties whose title plaintiff in error was ignorant of when he purchased. If Frances Herman, the vendor in the sale of the lands, is the true owner of the note sued on, plaintiff in error can charge her, in a suit seeking recovery on the note and foreclosure of the vendor's lien, with the amount of damages he has suffered by reason of the loss of the quantity of land he was induced to purchase by reason of such false representations. Wheeler v. Boyd, 69 Texas, 298; Moore v. Hazelwood, 67 Texas, 625; Doyle v. Hord, 67 Texas, 623; Du Bois v. Rooney, ante, 173.

We think the court should have set aside the agreement and permitted plaintiff in error to interpose his defense.

We report the case for reversal.

*Reversed and remanded.*