### MORGAN et al. v. BROWN.

(Court of Civil Appeals of Texas. San Antonio. April 10, 1913. Rehearing Denied April 30, 1913.)

1. PLEADING (§ 205*)—GENERAL DEMURRER—OFFICE.

It is the office of a general demurrer to test the legal sufficiency of the cause of action or defense pleaded, and not the form of the pleading, and when tested by a general demurrer every reasonable intendment will be indulged in favor of the pleading; mere formal defects being reached only by special exceptions distinctly pointing them out, so that the pleader may be notified as to the amendments required.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. § 205.*]

2. VENDOR AND PURCHASER (§ 35*)—MISREPRESENTATIONS—DEFECT OF TITLE.

Where purchasers of a tract containing 125 acres of land relied on the seller's representations as to title in executing purchase-money notes secured by vendor's lien, and there was a superior, outstanding title to more than half of the land, the deficiency was so great as to entitle the buyers to relief, whether the land was sold in bulk or by the acre.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 45–51; Dec. Dig. § 35.*]

3. VENDOR AND PURCHASER (§ 314*)—ACTION FOR PRICE — PURCHASE-MONEY NOTES—DEFENSES—FAILURE OF TITLE.

In an action on notes given for the purchase price of 125 acres of land, an allegation in the answer that plaintiff represented to defendants that he owned and was conveying 125 acres of land, that they relied on his representations, but had discovered that the boundary line of the land pretended to be conveyed conflicted with other older surveys, and that in truth plaintiff only conveyed a merchantable title to about 60 acres of the land, stated the defense, and was not subject to demurrer.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 920–927; Dec. Dig. § 314.*]

4. PLEADING (§ 194*) — DEFENSES — PARTIAL CONSIDERATION—PARTIAL FAILURE—VERIFICATION.

An objection that an answer in the nature of a plea of partial failure of consideration was not verified by affidavit must be taken advantage of by special exception, and not by general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444, 445, 446, 449–452; Dec. Dig. § 194.*]

5. VENDOR AND PURCHASER (§ 314*)—ACTION ON PURCHASE-MONEY NOTES -- DEFENSES -- FAILURE OF TITLE — FALSE REPRESENTATIONS—PLEADING.

Where, in an action on notes given for the price of land, defendants pleaded misrepresentations and failure of title as to more than half of the land, their failure to properly implead the parties claiming adverse title would not defeat their right to show fraud in the representations as to the quantity of the land; nor would such right be defeated by their prayer for a survey, to which they might not have been entitled.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 920–927; Dec. Dig. § 314.*]

Appeal from District Court, Aransas County; E. A. Stevens, Judge.

Action by George W. Brown against C. B. Morgan and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

W. H. Baldwin, of Rockport, for appellants. E. Gordon Gibson, of Rockport, for appellee.

FLY, C. J. Appellee sought to recover on two promissory notes for $750 each, executed to his order by C. B. Morgan and J. C. McCamy, and to foreclose a vendor's lien on land for the purchase money of which the two notes were given, and upon an allegation that the makers of the notes had sold an interest in the land to the Gulf Coast Immigration Company, a private corporation, it was also made a defendant in the suit. The corporation disclaimed any interest in the land and does not figure in this appeal. A general demurrer was sustained to the answer of appellants, and judgment, as prayed for, rendered in favor of appellee.

In the answer the purchase of the land and the execution of the notes was admitted, but payment of a portion of the purchase money was contested, on the ground that appellants had bought 125 acres of land, but in fact obtained only 60 acres of land. It was alleged that appellants "are in danger of being evicted from all that part of said land in conflict with other surveys and lands"; that appellants had bought the land by the acre at a certain price. It was further alleged: "That since said purchase by defendants the county surveyor of Aransas county has furnished defendants with a plat of said lands made up from a survey on the ground, which said plat shows a material conflict between the lands sold to defendants and the Carper survey on the north and the Paup survey on the south, and defendants allege the fact to

be that the land described in plaintiff's petition, and in the deed from plaintiff to defendants, is in conflict with the Carper survey on the north and the Paup survey on the south (or with one or the other of said surveys, which cannot be definitely alleged), to the extent of about 50 per cent. of the area thereof. And these defendants say that if required to pay the full price agreed upon for said one hundred and twenty-five (125) acres of land they will be damaged in about the sum of $1,125 or 50 per cent. of the purchase price of said land." They prayed that an official survey of the land be ordered by the court, that certain adverse claimants be made parties, and for an abatement in the price of the land. The answer was not verified by affidavit.

[1] It is the office of a general demurrer to test the legal sufficiency of the cause of action or defense, and not the form of the pleadings, and when tested by a general demurrer every reasonable intendment will be indulged in favor of the pleading. Mere formal defects will not be reached by a general demurrer, when a good cause of action or defense is shown. Such formal defects must be reached by special exceptions which distinctly point them out, in order that the pleader may be notified as to the amendments required. The general demurrer fails to indicate necessary amendments, and it only reaches the question as to whether any cause of action or ground of defense is disclosed in the pleadings.

[2] Undoubtedly appellants could urge as a defense to the purchase-money notes that there was a superior, outstanding title to the land, or a part thereof, and that there was danger of their eviction. If appellants relied upon the representations of appellee that there were 125 acres of land in the tract, the deficiency of one-half of the land is so great as to entitle appellants to relief, even when the land is sold in bulk. Wheeler v. Boyd, 69 Tex. 293, 6 S. W. 614; Paschall v. Penry, 82 Tex. 673, 18 S. W. 154.

[3] It is alleged by appellee in his petition that the notes were given for 125 acres of land sold by him to appellants, and they allege that appellee "represented to defendants that he owned and was conveying to defendants one hundred and twenty-five (125) acres of land," and they relied on his representations, but had "discovered that the boundary lines of said land pretended to be conveyed to defendants by plaintiff conflict with other lands and older surveys, and that in truth and in fact plaintiff only conveyed to defendants merchantable title to about sixty (60) acres of land, instead of one hundred and twenty-five (125) acres." We do not think the general demurrer should have been sustained to the answer.

[4] There are quite a number of plausible objections urged by appellee to the answer,

which would have been worthy of consideration had they been based on special exceptions; but they cannot be urged with only a general demurrer as their basis. For instance, it is urged that the answer was in the nature of a plea of partial failure of consideration, and should have been verified by affidavit. Admitting that to be true, it does not follow that such defect could be reached by general demurrer. It was held, as far back as 1852, that such omission in a plea impeaching the consideration should be pointed out by exception, or the answer would be deemed sufficient. Williams v. Bailes, 9 Tex. 61; Insurance Co. v. Wicker, 93 Tex. 390, 55 S. W. 740.

[5] Certainly the failure to properly implead the parties claiming the land would not defeat appellants' right to show fraud in the representations as to the quantity of the land; nor would it be defeated by asking for a survey of the land, to which they may not have been entitled.

The judgment is reversed, and the cause remanded.