## ILSENG v. CARTER et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 26, 1913. Rehearing Denied June 7, 1913.)

1. APPEAL AND ERROR (§ 501*)—RECORD—EXCEPTIONS — PLEADINGS — PRESENTATION — BILL OF EXCEPTIONS.

Under Court of Appeals Rule 53 (102 Tex. xlix, 142 S. W. xxi), prohibiting bills of exception to the judgments of court rendered on matters constituting the record proper in the case, the sustaining of an exception to an allegation in the answer cannot be reviewed, where it is

not shown by the record proper, and appears only in the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

2. APPEAL AND ERROR (§ 1056*)—EVIDENCE—EXCLUSION—PREJUDICE.

Where, in a suit for specific performance of a contract for the sale of school lands, defendant claimed false representations as to the location of the land, the exclusion of evidence that he was induced to purchase in part by complainant's representation that the land was contiguous to the lands of C. was not prejudicial to defendant, without evidence that the lands were not in fact so located, and were not substantially of the grade, quality, and location agreed on.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

3. VENDOR AND PURCHASER (§ 22*)—CONTRACT FOR THE SALE OF LAND—CERTAINTY—DESCRIPTION.

Description of land in a contract of sale as a lot 50 by 110 feet on the north side of Bessie street in the city of Ft. Worth, and being the only new house east of Illinoise street, was not fatally defective for uncertainty of description, under the rule that that is certain that may be made certain.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 27; Dec. Dig. § 22.*]

Error to District Court, Tarrant County; W. T. Simmons, Judge.

Suit by J. C. Carter and another against A. G. Ilseng. Decree for complainants, and defendant brings error. Affirmed.

McLean, Scott & McLean, and C. T. Rowland, all of Ft. Worth, for plaintiff in error. A. J. Clendenen and Theodore Mack, both of Ft. Worth, for defendants in error.

CONNER, C. J. A. G. Ilseng prosecutes a writ of error from a judgment following a peremptory instruction in favor of Jack Carter and C. K. Oldham, specifically enforcing the following written contract: "State of Texas, County of Tarrant. This agreement entered into this the 16th day of January, 1909, between Carter & Oldham, of Fort Worth, Texas, as parties of the first part, and A. G. Ilseng, of Fort Worth, Texas, as party of the second part, to wit: That the parties of the first part for and in consideration of a promissory note executed by the party of the second part for $300.00 at 8% interest, due and payable in one year with the privilege on the part of the party of the second part to pay said note in monthly installments of $50.00 each, and the further consideration that party of the second part is to give a deed of general warranty to an almost new frame residence on a lot 50 by 110 feet on the north side of Bessie street in the city of Fort Worth, and being the only new house east of Illinoise street. The parties of the first part for the above consideration agree to furnish to the party of the second part an award card for eight sections of school land in El Paso county, and they further agree to assume an $800.00

indebtedness against the above described house and lot. It is agreed by all parties hereto that the deed properly acknowledged, together with the note properly signed shall be put in escrow with the State National Bank until the award card is delivered by the party of the second part, at which time of the said delivery of said award card said Bank is to turn over to parties of the first part said deed and note to be used as they may see fit and as their individual property. Witness our hands this the 16th day of January, 1909. [Signed] Carter & Oldham, Parties of the First Part. A. G. Ilseng, Party of the Second Part. Witness: J. B. Royalty."

[1] In their petition for specific performance Carter & Oldham alleged performance of the contract on their part, and Ilseng in answer, among other things charged that the contract had been induced by false representations as to the quality, character, and relative location of the eight sections of school land in El Paso county to be awarded by the Commissioner of the General Land Office as contemplated by the contract. And it is first assigned that the court erred in sustaining exceptions to "that portion of defendant's answer setting up fraudulent representations in reference to the location of the sections of land with reference to each other," etc. The assignment must be overruled on the ground that the record discloses no order of the court sustaining any exception of the character specified. The record, it is true, contains a bill of exception, which recites that the court erred in sustaining an exception to one of defendants' allegations relating to the location of the land, but the question cannot be presented in such way as we had occasion to decide in the case of Withers v. Crenshaw, 155 S. W. 1189, in an opinion not yet published, bills of exception being expressly prohibited by rule 53 "to the judgments of the court rendered upon those matters which constitute the record proper in the case." 102 Tex. xliv, 142 S. W. xxi.

[2] In the second assignment plaintiff in error complains of the court's action in excluding testimony offered by him to the effect that he was induced in part at least, to execute the contract in question by a representation on the part of one of the defendants in error that the school land to be secured as contemplated in the contract was contiguous to the lands of one Cousin. It appears that the testimony was excluded on the ground that its effect was to vary the terms of the contract. While we are not inclined to agree with the theory upon which the evidence was apparently excluded, yet upon an examination of the record relating to the matter we fail to see that plaintiff in error was in any way prejudiced by the action complained of. Neither the bill of exception nor the evidence shows that the

lands mentioned were not in fact located as sought to be shown, or that, if not, the representation could in any way be material. For aught that appears in the statement of facts the lands awarded pursuant to the contract were substantially of the grade and quality and located as plaintiff in error contends was agreed.

[3] The objection that the description in the contract of the lot owned by plaintiff in error was insufficient to sustain the submission of the issue or verdict for specific performance we think must be overruled. The description in the contract, as may be seen, was "a lot 50 by 110 feet on the north side of Bessie street in the city of Fort Worth and being the only new house east of Illinoise street." It is a maxim of law that "Id certum est quod certum reddi potest," and nothing appears in either allegation or proof indicating any change in objects called for. The description given, therefore, would clearly enable a precise designation of the lot and house referred to and this is all of certainty required by the law.

What we have said in disposing of the other assignments applies to plaintiff in error's propositions asserted under the third assignment objecting to the court's peremptory instruction. That is to say, such instruction cannot be held to be erroneous on the ground that the description in the contract of plaintiff's lot was insufficient, nor because of the action of the court in sustaining a demurrer to his plea of false representation, nor, in excluding evidence offered on that issue.

The evidence as we find it presents no other or further issue requiring submission to the jury. The contract as alleged was made without dispute, and it also appears to be undisputed that the defendants in error performed and offered to perform their part of the contract. It is true that the award card from the Commissioner of the General Land Office to the eight sections of land in El Paso county was made out in the name of P. B. Shirley, but plaintiff in error, himself, testified that he had so directed P. B. Shirley, being his brother-in-law, with whom, as there is evidence tending to show, he had arranged for the occupancy of the land.

The special charge requested is inapplicable to the evidence as we find it; and, no other question having been presented, it is ordered that all assignments of error be overruled, and the judgment affirmed.