## JACKSON v. E. L. RICE & CO.   (No. 2022.)

Court of Civil Appeals of Texas.   El Paso. May 5, 1927.

**1. Appeal and error ⬅➡713(3)—Rulings on demurrers must be shown by judgment entry and not by bill of exceptions (district court rule 53).**

Rulings on demurrers to be considered must be shown by judgment entry and not by bill of exceptions, in view of district court rule 53.

**2. Appeal and error ⬅➡1062(1)—Submitting issue whether alleged false representations of plaintiff's salesman were expressions of opinion or representations of fact held not error, in view of jury's finding.**

In action for price of jewelry, submitting issue whether alleged false representation of plaintiff's salesman on which defendant sought to rescind were expressions of opinion or made as representations of fact *held* not error, where jury properly found representations amounted only to opinions.

**3. Sales ⬅➡38(3)—Buyer cannot rely on representations of seller's agent which were opinions only.**

Since representations of seller's agent on which buyer sought to rescind contract were but expression of salesman's opinion, it was immaterial that buyer believed and relied thereon in making purchase.

**4. Sales ⬅➡38(3)—Mere expression of opinion in making sale of merchandise is not actionable.**

Mere expression of opinion by a salesman in making sale of merchandise is not actionable.

**5. Sales ⬅➡168½(8)—Right to return goods sold held lost, where not exercised in accordance with contract.**

Right to return goods sold *held* lost, where not exercised in accordance with terms of contract.

Appeal from Dallas County Court at Law; Wm. M. Cramer, Judge.

Action by E. L. Rice & Co. against James Jackson. From a judgment for plaintiff, defendant appeals. Affirmed.

W. B. Lewis, of Houston, for appellant.

Seay, Seay, Malone & Lipscomb and Tarlton Stafford, all of Dallas, for appellee.

HIGGINS, J.  Appellee sold appellant certain articles of jewelry. This suit was brought to recover the purchase price, and recovery was had as prayed for. The case was submitted upon special issues.

[1] A proposition asserts error on the part of the court in sustaining a general demurrer and special exceptions to that part of defendant's defense in which he set up a breach of warranty and failure of consideration.

Rulings upon demurrers must be shown by judgment entry and not by bill of exception, as is here attempted to be done. District court rule 53; Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469; Withers v. Crenshaw (Tex. Civ. App.) 155 S. W. 1189; Ilseng v. Carter (Tex. Civ. App.) 158 S. W. 1163; King-Collie Co. v. Wichita Falls Warehouse Co. (Tex. Civ. App.) 205 S. W. 748, and cases cited. Furthermore, it is impossible to tell from the bill what exceptions, if any, were sustained. It purports to relate to some "ruling" made by the court. It does not seem to refer to any action upon demurrers.

[2-5] The court did not err in submitting to the jury the issue of whether the alleged false representations of plaintiff's salesman, upon which defendant sought to rescind the contract, were expressions of opinion or made as representations of fact, because the representations were evidently but expressions of opinion, and the jury properly so found; hence there was no error in submitting the issue. Since the representations were but expressions of opinion of the salesman, it is immaterial that defendant believed and relied upon same in making the purchase. The mere expression of an opinion as such, and not as a statement of fact, is not actionable. The right to return the goods had not been exercised in accordance with the terms of the contract; hence the right to return was lost. Therefore the first proposition is without merit.

What has been said directly or indirectly disposes of all propositions submitted.

Affirmed.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes