## BRILEY v. HAY.  (No. 540.)

Court of Civil Appeals of Texas.  Eastland.
Feb. 8, 1929.

998

Lee R. York, of Abilene, for appellant.

Frank E. Smith and W. E. Lessing, both of Abilene, for appellee.

FUNDERBURK, J. This appeal is from a judgment in the sum of $722 recovered by appellee, A. A. Hay, plaintiff below, against appellant, W. G. Briley, defendant. Appellee's petition undertook to allege two causes of action—one alternative to the other. One cause of action was for damages for the breach of a warranty of title in the sale of a 172-acre tract of land; the claim being that 11.83 acres of the tract were in adverse possession of third parties under some claim of title thereto, the nature of which was unknown. The other cause of action was one for damages for false representations to the effect that said tract of land, identified as one inclosed in a fence, contained 172 acres, when in fact, as shown by subsequent survey, it contained only 160.17 acres, there being a material shortage of 11.83 acres. The amount of damages claimed was the same under both theories, which was the price or value of the 11.83 acre deficit at $57.50 per acre, with interest from October 21, 1927. It was alleged that the land was sold by the acre at $57.50 per acre, but, alternative to this averment, it was alleged that the reasonable market value of the 11.83 acres was $57.50 per acre.

■ Complaint is made of the action of the trial court in overruling appellant's general demurrer and special exceptions to appellee's first amended original petition. The record fails to disclose that appellant filed any pleading containing a general demurrer or special exceptions to said pleading. The only demurrer or exception seems to be that addressed to plaintiff's original petition, which was later superseded by the amended petition. There also appears to be no order or judgment of the court showing any ruling on demurrers or exceptions. Instead, it is attempted to show the action of the court in this respect by a bill of exceptions, which it is well

settled cannot be done. District court rule 53 (142 S. W. xxi); Jackson v. E. L. Rice & Co. (Tex. Civ. App.) 295 S. W. 352; Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469; Ilseng v. Carter (Tex. Civ. App.) 158 S. W. 1163; King-Collie Co. v. Wichita Falls Warehouse Co. (Tex. Civ. App.) 105 S. W. 748; Withers v. Crenshaw (Tex. Civ. App.) 155 S. W. 1189; Southern Casualty Co. v. Morgan (Tex. Civ. App.) 299 S. W. 476; Alsabrook v. Bishop (Tex. Civ. App.) 295 S. W. 646.

■■ We doubt, however, if appellee's petition is sufficient to state a cause of action under either of the two theories mentioned. If so, an error of a fundamental nature is involved which requires our notice, even in the absence of an assignment. The petition is insufficient, we think, to state a cause of action for breach of a warranty of title because of the absence of any allegation to the effect that the alleged adverse possession of the 11.83 acres by third parties was held under title superior to that conveyed by appellant to appellee. Jones' Heirs v. Paul's Heirs, 59 Tex. 41.

■ In his brief appellee seeks to avoid this defect by contending that the cause of action is upon the contract by which appellant obligated himself to sell and convey 172 acres of land. It is insisted that possession of only 160.17 acres was delivered, and that appellee seeks recovery of damages for the failure to deliver possession of the 11.83 acres We doubt if this is the proper construction of the pleading. If it is, the pleading is equally as defective in another respect. It alleges that, in pursuance of the contract, appellee received a deed conveying to him the 172-acre tract. If by such deed appellee was vested with title to the 11.83 acres, he could not, without showing it was held under a superior title, retain such title as he had and recover the full value of the land as damages for the failure of appellant to deliver possession. If so, after recovering full value of the land, appellee, by ejecting the adverse occupants, would have both the land and its value as such damages. Plainly, if the cause of action was one on the contract, no sufficient facts are alleged to enable the court to apply any proper measure of damages.

■ As to the cause of action based upon fraudulent representations, the pleading is insufficient in its omission to allege the value of the 160.17 acres which the deed really conveyed. The value of the 11.83 acres was alleged. The contract price of the entire tract was alleged. But, as a basis for the measurement of damages, the value of the 11.83 acres is immaterial. The contract price for the whole tract is likewise immaterial, except as showing what appellee paid for the land. The measure of damages for false representations as to the acreage is the difference, if any, in what appellee gave for the tract of land and

the value of the land he got. Vogt v. Smalley (Tex. Com. App.) 210 S. W. 511; George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456.

It is possible that the value per acre of the 160.17 acres may not be the same as the 11.83 acre tract. To support this cause of action appellee will have the burden of showing that the 160.17 acres of land is of less value than he paid for the land, which was represented to contain 172 acres. He will have the burden, not only of establishing the fact of a difference, but the amount of such difference, as a basis for judgment. If the proof should show that the 160.17 acres is of as great value as the amount paid by appellee, he will not be entitled to recover anything, notwithstanding the shortage. This necessarily results from the application of the measure of damages stated in George v. Hesse, supra.

Since our conclusion with reference to the sufficiency of the pleadings requires that the case be remanded for another trial, it is not deemed worthwhile to discuss other assignments, except in a very general way. It may be helpful to discuss a few principles which should control in another trial of the case. The evidence rather conclusively establishes, we think, that appellee has no cause of action for breach of warranty of title or breach of contract to sell and convey 172 acres of land. It is scarcely necessary to point out that a general warranty of title such as we find in the deed under consideration does not cover a mere shortage in the number of acres that a tract of land is supposed to contain. Daughtrey v. Knolle, 44 Tex. 451; Brown v. Yoakum (Tex. Civ. App.) 170 S. W. 803.

The evidence fails to show that the tract of land in question contained 172 acres. On the contrary, we think the evidence shows that appellant sold and conveyed a tract described as a 172-acre tract, but also otherwise described by metes and bounds, and which actually contained only 160.17 acres. True, appellee testified, and the court found, that there were 172 acres, according to the field notes, but it is quite evident that this conclusion was reached by giving controlling effect to certain calls for distance over calls for certain corners and lines of the land awarded to J. C. Roberts et al. A call for course and distance will generally be made to yield to a call for a corner or line of another survey. Bennett v. Latham, 18 Tex. Civ. App. 403, 45 S. W. 934.

A surveyor, in properly locating the land, would have found it necessary to locate the corners and lines of the J. C. Roberts et al. tract. To do this he would have found it necessary to examine the partition agreement or judgment, which certainly provides for the division of a particular tract supposed to contain 344 acres into two equal parts. In locating these parts on the ground, the error in the whole tract would have been discovered, and it would have been found that the whole tract contained only about 320.34 acres, and the tract in controversy, being one of the two equal parts, 160.17 acres. The call for 172 acres•must be made to yield to the field notes. Standefer v. Miller (Tex. Civ. App.) 182 S. W. 1149. No question of a breach of warranty is therefore involved.

The evidence on the other theory of recovery suggests the possibility of the existence of perhaps three different causes of action available to appellee. He may, according to the development of the facts upon another trial under appropriate pleadings, have a cause of action for damages based upon (1) fraud or (2) mutual mistake, or 'he may have a cause of action, we think, (3) for money had and received. Claims for damages based upon fraud or mistake are actions sounding in tort, and will be governed by principles discussed in Cox v. Barton (Tex. Com. App.) 212 S. W. 652; O'Connell v. Duke, 29 Tex. 300, 94 Am. Dec. 282, and George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. The measure of damages will be the difference, if any, in the price paid by appellee for the land and the value of the land he received. Vogt v. Smalley (Tex. Com. App.) 210 S. W. 511; George v. Hesse, supra. Such causes of action do not exist, unless the sale was made by the acre and not in gross. Gillespie v. Gray (Tex. Civ. App.) 230 S. W. 1027.

We would say that, according to the contract and deed, the sale was in gross and not by the acre. A sale is not one by the acre just because the deed mentions a certain number of acres. Barnes v. Lightfoot, 26 Tex. Civ. App. 113, 62 S. W. 564. Whether, according to a deed, a sale is one by the acre or in gross is a question of law and not of fact. Daughtrey v. Knolle, 44 Tex. 456; Weir v. McGee, 25 Tex. Supp. 21. But, although the contract and deed show a sale in gross, it may be shown by parol evidence under appropriate pleadings that the sale was actually one by the acre. Franco-Texan Land Co. v. Simpson, 1 Tex. Civ. App. 600, 20 S. W. 953. This requires recourse to the equitable powers of the court, as it has been held since Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109.

As to the possible existence of a cause of action for money had and received, we may be on controversial grounds. We cannot escape the conviction, however, that, where a sale is made of a tract of land by the acre, and not in gross, which, by representations of the vendor relied on by the vendee, contains a materially less number of acres than represented, or which as the result of mutual mistake contains materially less acres than it was believed to contain, and as a result of which the vendee pays a definite amount more money than he was due to pay, the vendee has an election to waive any claim in tort and sue

upon an implied obligation of the vendor to return the money paid to him as the result of the fraud or mistake. The books are full of cases holding that, under such circumstances in a suit by the vendor upon purchase-money notes, the vendee may by pleading and proving the deficit have a corresponding abatement of the purchase price. Weir v. McGee, 25 Tex. Supp. 21; Wheeler v. Boyd, 69 Tex. 293, 6 S. W. 614; Moore v. Hazelwood, 67 Tex. 624, 4 S. W. 215; Franco-Texan Land Co. v. Simpson, 1 Tex. Civ. App. 600, 20 S. W. 953; Brown v. Yoakum (Tex. Civ. App.) 170 S. W. 803; Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; O'Connell v. Duke, 29 Tex. 300, 94 Am. Dec. 282; Walling v. Kinnard, 10 Tex. 508, 60 Am. Dec. 216; Barnes v. Lightfoot, 26 Tex. Civ. App. 113, 62 S. W. 564; Wuest v. Moehrig, 24 Tex. Civ. App. 124, 57 S. W. 864; Paschall v. Penry, 82 Tex. 673, 18 S. W. 154; Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109.

The effect of these decisions is to give the purchaser the benefit of his bargain. As said in Wheeler v. Boyd, supra:

"We think the decisions of this court recognize that save in a case where the land is sold in gross and the quantity stated in the conveyance is qualified by the words 'more or less,' the purchaser will be relieved in equity, if the deficiency be great. The disparity being gross between the quantity believed by both parties to exist, and that which is found actually to exist, and both having been mutually mistaken, and the quantity being a material element of inducement in the sale, it is but equitable to let the purchaser *retain his bargain and to relieve him from payment for that which he does not get*." (Italics ours.)

We are unable to perceive any distinction between cases where all the purchase money is not paid and those where all is paid. In the one case the notes are permitted to be offset and only the difference paid. In the other, as the result of the same character of fraud or mistake, the purchaser has paid to the seller money that belongs to the seller under such circumstances as places upon the said seller the duty to refund it. Under the same state of facts, if the vendor be charged with a tort, the vendee loses the value of his bargain under the law as declared in George v. Hesse, supra. A owns a tract of land thought to consist of 100 acres, but in fact consisting of 90 acres. It is of the actual value of $100 per acre, but A, being under necessity, sells same to B by the acre for $90 per acre. He represents that it is 100 acres, and B relies on the representation. Shortly afterwards B surveys it and finds a shortage of 10 acres. He has by mistake paid A $1,000 more than was due him. He has an election of remedies. He can sue in tort for damages and be subject to the rule declared in George v. Hesse, supra, or he may sue for the return of the overpayment. If he sues for damages, and A proves in defense that the 90 acres is worth the amount paid, B loses the value of his bargain. If B sues for a return of his money, he corrects the mistake, and retains the advantage of his bargain. Why may he not do so? "An action for money had and received is a proper form of action for the recovery of money paid under a mistake of facts." 27 Cyc. 866.

The only authority that we have found that holds that an action at law for money had and received is not appropriate under such state of facts is Smith v. Fly, supra, but that very case is an authority for a relief which preserves the value of the bargain. Our interpretation of that decision is that, if the deed on its face disclosed that the sale was by the acre, the action at law would lie; but, where the deed showed a sale in gross, particularly by the use of such words as "more or less," then it was necessary to proceed in equity; otherwise parole evidence would be inadmissible to show that the sale, in fact, was one by the acre. The decision, in our opinion, only means that the equitable powers of the court must be invoked to make available the right to a return of the money paid in excess of the amount due.

The judgment of the trial court is reversed, and the cause remanded.