### KENNEY v. BAILEY.
No. 8408.

Court of Civil Appeals of Texas. San Antonio.
April 16, 1930.

T. M. West, of San Antonio, and W. H. Baldwin, of Rockport, for appellant.

W. G. Gayle, of Beeville, and Cuthbert Spencer, of Rockport, for appellee.

COBBS, J.

H. T. Bailey, defendant in error, sued plaintiff in error in trespass to try title, in the district court of Aransas county, for the title and possession of a strip of land 90 by 250 feet, in Aransas county, and also for damages.

Plaintiff in error did not contest the same, but filed his disclaimer. The court heard the case and rendered a judgment for the defendant in error.

In this suit it was attempted by the plaintiff to recover, in addition to the title to the land, certain damages. The statute concerning suits for the recovery of land in trespass to try title to land is very full, and provides a simple remedy in lieu of the proceedings of ejectment at common law. So that under our statute there is only involved the specific question of the title to the land, improvements in good faith, and rental value, as damages for its use, and nothing more, but by proper pleading other recoveries may be had, such as damages and torts. The statute makes provision for such. Article 7364, R. S. Also, when rents and profits or damages are claimed, such facts must appear in the pleading. Article 7366, R. S.

There is no further statutory provision in regard to the recovery for torts. While that may be done in the same petition, such items of recovery must be pleaded and proven as any other fact.

The allegation that defendant in error was forced to institute this suit for the recovery

of the land, and costs of surveying land, and the employment of an attorney to institute this suit, and the failure and refusal to remove the fences and buildings from the land, and the expense of procuring an abstract of title, states no cause of action.

Nor is there any cause of action stated that by reason of the failure and refusal to remove the fences and buildings from the premises which prevented plaintiff from consummating a sale thereof, as shown by the pleading.

There are no facts alleged or shown that the plaintiff suffered any injuries or damages to his property. There was no rental value proven, no value proven for the use and occupation of the land, no physical damages done to the land proven; no trees cut, no damage proven done to any of the fences on the land, and no tort committed.

The case is barren of any allegation or any proof that the land of plaintiff was injured.

The judgment is affirmed as to the recovery of the land by the defendant in error, H. T. Bailey, and is reversed as to the recovery of damages; and it is adjudged that said defendant in error recover nothing for damages and pay all costs of this appeal.