## SIMMONS et ux. v. LEDGER CO., Inc.
### No. 4626.

Court of Civil Appeals of Texas. Texarkana.
Feb. 15, 1935.

Rehearing Denied Feb. 21, 1935.

John S. Morris and Walter P. Luck, both of Fort Worth, for plaintiffs in error.

Alfred H. Eaton and Clay Cooke, both of Fort Worth, for defendant in error.

HALL, Justice.

The parties to this cause have agreed to a statement of the case, and the same is adopted by the court:

"This suit was originally filed in the District Court of Tarrant County, Texas, removed to the District Court of Rusk County, Texas, where it was filed on March 31, 1933. No question was raised as to the removal proceedings, and the case was admittedly properly filed in the Rusk County District Court.

"In its original petition, defendant in error alleged that on the 5th day of January, 1932, it was the owner of an 1/512 undivided interest in and to the oil, gas and other minerals upon, in and under certain lands described in said petition. That on said day and date the plaintiffs in error unlawfully dispossessed it and withholds the possession from defendant in error. That the rental value of such interest for thirteen months and twenty days was Ten ($10.00) Dollars. That plaintiffs in error thereby became liable to defendant in error for such sum. In paragraph four of its original petition, defendant in error alleged: 'Plaintiff further alleges that by virtue of its deed to the above described real property it was entitled to receive the proceeds of the sale of oil run from under said property from and after May 20, 1931, but that by reason of the unlawful acts of the defendants as above alleged, plaintiff has not been able to collect any money at all from oil run from said interest on the above described real property over the said period of time, and that plaintiff has been thereby damaged in the sum of One Hundred and Fifty ($150.00) Dollars.'

"In paragraph five of its petition, defendant in error alleged: 'Plaintiff further alleges that a short time after it acquired title to the above described interest in real property it had an opportunity to dispose of its interest in said property together with the accumulated oil runs since May 20, 1931, that it had a purchaser who was ready, able and willing to purchase its interest in the above described real property for the agreed purchase price of Five Hundred ($500.00) Dollars. That on account of the wrongful acts of defendants as above alleged the plaintiff was unable to consummate said sale, and that the market value of said property has since that date declined in value, and that by reason of not being able to consummate said sale plaintiff has been damaged in the sum of Four Hundred and Fifty ($450.00) Dollars.'

"Then followed a prayer for judgment for title and possession of the described interest, for its damages, costs of suit, and other relief at law or in equity.

"Thereafter, on May 5, 1933, the court entered a default judgment against plaintiffs in error for the described property and assessed defendant in error damages at Four Hundred Fifty ($450.00) Dollars.

"Thereafter, on August 5, 1933, plaintiffs in error filed in the office of the District Clerk of Rusk County, Texas, their petition for writ of error, citation in error was duly issued on August 23, 1933, and served on defendant in error on August 25, 1933. Plaintiffs in error filed their supersedeas bond on August 5, 1933, the record herein was filed in this court on October 24, 1933, and this cause is now properly before this court for revision and correction."

The only error assigned is: "That the petition of plaintiff was and is insufficient to support the judgment for $450.00 assessed as damages." With this statement we cannot agree. Paragraph 5 of plaintiffs' petition set out in the statement of the case, in our judgment, is not subject to a general demurrer. It is clear what the pleader meant when the petition is considered as a whole. This small interest in real estate was located in a proven oil field. Its value was subject to sudden and violent fluctuations. A sale had to be made at the proper time or a loss would inevitably result. The pleader states that defendant in error was the owner of a small interest in oil acreage in Rusk county, Tex.; that the plaintiffs in error ousted its possession and withheld the same from it; that it had a responsible party to whom this property could have been sold for $500, but on account of the ouster by plaintiffs in error it was unable to make the sale and the damage resulted. As said in the case of City of San Antonio v. Bodeman (Tex. Civ. App.) 163 S. W. 1043, 1045: "It is plainly deducible from the cases decided by our Supreme Court that said court has always been of the opinion that when the sufficiency of the petition is questioned for the first time after verdict more liberal rules should be applied in passing on the same than are laid down for testing the pleading when the demurrer is interposed and urged at the proper time."

And further: "The modern tendency is toward greater liberality in the construction of pleadings in order not to require the retrial of a case when justice has been done, and the parties understand what the points in issue were, and the same were submitted to a court or jury."

338

Quoting from said case further: "No answer having been filed, except a general denial, the petition must be tested by its averments alone. But every reasonable intendment arising upon such petition must be resolved in favor of its sufficiency." Martin v. Brown, 62 Tex. 467; International & G. N. Ry. Co. v. Hinzie, 82 Tex. 623, 18 S. W. 681; Gibbens v. Bourland (Tex. Civ. App.) 145 S. W. 274, 275; Morgan v. Brown (Tex. Civ. App.) 156 S. W. 361, 362; Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051; Southern Casualty Co. v. Flowers (Tex. Com. App.) 38 S. W.(2d) 570; article 7366, subd. 6 and article 7389, R. S.

Plaintiffs in error cite the case of Kenney v. Bailey (Tex. Civ. App.) 27 S.W.(2d) 254, 255, in support of their contention that the pleading was wholly insufficient to support a judgment for damages resulting from the loss of sale of said land. From a careful reading of the opinion it is clear to us that this was a case of trespass to try title without any allegations regarding damages. The court says: "The case is barren of any allegation or any proof that the land of plaintiff was injured." And again the court says: "But by proper pleading other recoveries may be had, such as damages and torts."

Finding no error in the record, the judgment is in all things affirmed.