### JOSEPH TIFFEE ET AL. v. CHARLES LINSLEY ET AL.
#### No. 847.

**Vendor and Vendee—Deed—Deficiency in Quantity—Description of Premises.**—A deed described the premises as "the north half of the northwest quarter of block 119, * * * fronting 75 feet on Jackson street by 125 feet on Texas avenue;" but by actual measurement the frontage was only $64\frac{1}{2}$ feet. The blocks situated in that part of the city were 250 feet square, which was known by the vendee, and at the time of the sale the land was inclosed by fence, and was examined by the vendee. The vendor did not own or claim any other part of the block, and made no representations as to the quantity sold, except the description in the deed. *Held*, that the frontage on the street was simply a matter of further description of the land, and did not amount to a stipulation that the vendee should get in quantity 75 feet frontage, and that there could be no abatement of the price for the deficiency.

Error from Harris.　Tried below before Hon. S. H. Brashear.

*Kittrell & Allen*, for plaintiffs in error.—Parties and privies are estopped from disputing representations of facts contained in instruments to which they are parties, a fortiori as against an innocent purchaser for a valuable consideration without notice, as the facts in this case show Bell to have been.　Burke v. Turney, 15 S. W. Rep., 256; Littlefield v. Tinsley, 22 Texas, 259, 260; Id., 26 Texas, 354; May v. Taylor, 27 Texas, 28; Mitchell v. Zimmerman, 4 Texas, 75; Neel v. Prickett, 12 Texas, 137; Hunt v. McReynolds, 20 Texas, 595; Paul v. Bradford, 20 Texas, 261.

*Jones & Garrett*, for defendants in error.—1. The general rule for construing deeds is, that every part of a deed should be harmonized and given effect to, if this can be done; but if it is found that there is in the instrument inherent conflict of intentions, then the main intention, the object of the grant being considered, shall have controlling influence.　Pugh v. Mays, 60 Texas, 192; Hancock v. Butler, 21 Texas, 804.

2. The designation of the numbers of the lots and block, where the dimensions and locality of each block and lot are well known and defined, are more certain, and do more certainly indicate the identity of the land conveyed, as well as the intention of the parties, then a call for the length and width of the lots in the deed.　A false description in a deed should be rejected as superfluous, if the subject matter of the contract is clearly described and identified by another or preceding clause in the instrument, construed, if necessary, in the light of surrounding circumstances, disclosing the condition of the premises and the intention of the parties.　Arambula v. Sullivan, 80 Texas, 615.

WILLIAMS, Associate Justice.—Mrs. Mary L. Robinson sold to Joseph Tiffee land described in the deed as follows: "The north half of the northwest quarter of block 119, situated on the south side of Buffalo Bayou, in the city of Houston, fronting 75 feet on Jackson street by 125 feet on Texas avenue (according to Woods' map of the city of Houston), together with the improvements thereon situated." Tiffee paid $2000 cash, and gave for the balance of the purchase money his note for $400, on which this suit is based.　He took possession and held the premises for four years, and then conveyed the property to John W. Bell, who paid $2000 cash, and assumed the payment of Tiffee's note to Mrs. Robinson.　Mrs. Robinson, prior to the institution of this suit, assigned that note to appellee Tinsley, who sued Tiffee to recover the amount of it and to foreclose the vendor's lien, joining Bell as subsequent purchaser.　Defendants resisted the suit, on the ground that they had not obtained the quantity of land contracted for, and impleaded Mrs. Robinson, praying judgment against her, in case they should be compelled to pay the note, for the value of the alleged deficit.　The court below rendered judgment in favor of plaintiff for the

amount of the note, and refused to give any judgment against Mrs. Robinson.

From the conclusions of fact found by the trial judge, which are amply sustained by the evidence, it appears that the sale to Tiffee was negotiated for Mrs. Robinson by I. Elsasser, her agent; that Elsasser proposed to sell the land to Bell, making no representation as to the area to be conveyed, but designating it simply as the north half of the northwest quarter of block 119; that Bell and Tiffee, unaccompanied by Elsasser or Mrs. Robinson, examined the property, which was an improved place inclosed by a fence, and agreed between themselves and with Elsasser that Tiffee should buy it at the price demanded; that thereupon Mrs. Robinson was notified, and went to town and signed the deed, this being her whole connection with the transaction. The property was situated in a populous part of Houston, and was well known to Bell. The blocks south of Buffalo Bayou were 250 feet square and this was generally known and was known to Bell. Up to a short while before the suit was brought, no complaint of shortage was made by either Tiffee or Bell and no measurement was made of the ground. Bell, however, shortly before the suit was brought, was informed by a carpenter, whom he had employed, to build some houses on the land, that it fronted less than 75 feet along Jackson street, and caused a survey to be made, which showed that such frontage was only about 64½ feet. By the purchase, however, Tiffee obtained and conveyed to Bell all of the half of the quarter of a block. Mrs. Robinson did not own or claim any other part of the block, and neither she nor her agent made any representations as to the quantity of land sold, except the description in the deed. From these facts the conclusion is plain, that the thing bought by Tiffee was the north half of the northwest quarter of the block, and that in the deed the frontage on the street was added simply as further description of that thing. They saw the improved and inclosed place and bought it upon their own inspection, without reference to quantity, paying $2400 for it. There was no stipulation that they would get 75 feet frontage on Jackson street, but the land conveyed was merely described as so fronting. Whether the actual area was more or less than that, they obtained what was contained in the half of a quarter of the block, which was known to be only 250 feet square. The deed, by mentioning the length, 125 feet, along Texas avenue, showed that such were the dimensions of the whole block.

Under these circumstances, it is immaterial to inquire whether the conclusions of law of the trial judge were correct or not. As the defendants have received all they bought, and as no fraud or deception was practiced upon them, they were not entitled to any abatement of the purchase money, and therefore to no judgment against Mrs. Robinson.

*Affirmed.*

Delivered May 23, 1895.