### LIZZIE WUEST ET AL. V. CHRISTIAN MOEHRIG.

#### Decided June 1, 1900.

**1. Sale of Land—Deficiency in Quantity.**

In an action on vendor's lien notes, under allegations in the answer that plaintiff, the vendor, misrepresented the number of acres of the land, the agreement being that defendant should pay for 264 acres the sum of $5000, or $18.90 per acre, and also mutual mistake as to the guaranty, the defendant, upon proof of a material shortage, might recover therefor, even though the sale was in gross.

**2. Same—Deed Showing Sale in Gross.**

The deed in this case evidencing a sale in gross, it was the duty of the court to so instruct the jury, and that they must determine the cause upon the parol evidence showing fraud, misrepresentation, or mistake.

**3. Same—Equitable Relief—Mutual Mistake—Material Shortage.**

If the vendor and vendee were mutually mistaken as to the quantity of land, and there is a material shortage, and the quantity was a material element of inducement in the sale, equity will relieve the purchaser from paying for what he did not get.

**4. Same—Sale in Bulk—Shortage Not Ground for Relief.**

Where a farm is sold in bulk at a fixed price, no representation being made as to quantity, and nothing being said as to the price per acre, a shortage of twenty-nine acres in a supposed area of 264 acres does not afford ground for relief.

**5. Same—Estimating Amount to Be Deducted for a Shortage.**

Where there was no evidence as to the value of the improved and the unimproved land on the farm sold, nor as to whether the deficiency was in the improved or unimproved part, there was no basis for calculating the amount to be deducted from the purchase price on account of the deficiency in the quantity of the land.

APPEAL from Bexar. Tried below before Hon J. L. CAMP.

FLY, ASSOCIATE JUSTICE.—Lizzie Wuest, joined by her husband, Adolfo G. Wuest, sued appellee to recover on two promissory notes for $1000 each, and to foreclose a vendor's lien on a certain 264 acres of land in Bexar County, said land consisting of three tracts, each described by metes and bounds. It was alleged in the answer: "That on August 4, 1891, plaintiff sold and conveyed to defendant three certain tracts of land, being in Bexar County, Texas, and fully described in plaintiff's petition, which at the time of said sale and previous thereto plaintiff Lizzie Wuest, then Lizzie Bueche, represented to plaintiff to contain 264 acres, and for which said 264 acres defendant then and there agreed to pay plaintiff the sum of $5000, or the sum of $18.90 per acre, and in part payment of said 264 acres defendant made, executed, and delivered to plaintiff said promissory notes in said petiton mentioned.

"That at the time of said sale and execution of said notes, and in consideration thereof, plaintiff falsely represented to defendant Christian Moehrig that said three tracts of land mentioned in said deed of

conveyance from plaintiff Lizzie Bueche to defendant Christian Moehrig contained, in the aggregate, 264 acres of land. That at the time said notes were executed by defendant Christian Moehrig, and just prior to the signing thereof by said defendant, plaintiff represented to defendant that said three tracts of land described in said conveyance contained 264 acres of land, and that defendant Christian Moehrig, relying upon said representation that said three tracts of land contained 264 acres, and believing said representation to be true, executed said notes and delivered the same to plaintiff Lizzie Wuest in part payment for said 264 acres of land. That plaintiff Lizzie Wuest and defendant Christian Moehrig agreed, at the time of said sale and the execution of said notes, that said defendant should pay for said 264 acres the sum of $5000, or $18.90 for each and every acre.

"That plaintiff and defendant, at the time plaintiff executed and delivered the said deed, and defendant executed and delivered said notes, believed that the three tracts of land described in said deed contained in the aggregate 264 acres, and that in this behalf plaintiff and defendant were mistaken. That thereafter, to wit, on or about the 15th day of October, 1897, defendant had agreed to sell to Henry Moehrig 50 acres of land out of the Samuel Leeper survey No. 104, being the second tract of land described in said deed, and which tract plaintiff falsely represented and which she at that time believed to contain 209¾ acres of land, and that defendant, on having said tract of land surveyed in order to make said sale to said Henry Moehrig, discovered that said Samuel Leeper survey did not contain the number of acres represented by plaintiff, to wit 209¾ acres, but that the same only contained 180¾ acres, or a gross deficiency of 29 acres, and that defendant then also discovered that the land conveyed to him by plaintiff Lizzie Wuest, then called Lizzie Bueche, did not contain in the aggregate 264 acres of land as she falsely represented at the time of the said sale and execution of said notes, but that the same only contained in the aggregate 235 acres, or a gross deficiency in the land agreed to be sold by plaintiff to defendant of 29 acres."

The trial resulted in a verdict and judgment for appellants for $721.88, and $72.18 attorney fees, aggregating $795.06, and a foreclosure of the vendor's lien.

The first and second assignments complain of the action of the court in overruling exceptions to the answer. The answer alleged misrepresentation by Mrs. Wuest as to the number of acres in the tract by which appellee was misled, the agreement being that he should pay for the 264 acres the sum of $5000 or $18.90 for each acre, and also mutual mistake; and under these allegations he might recover, even though the sale was in gross. Daugherty v. Knolle, 44 Texas, 450.

In the case cited it is said: "Unquestionably where land is sold by the acre, and in many cases where the sale is in gross, and through fraud, misrepresentation, or mistake, there is a material error in the quantity of land conveyed by the deed, relief may be had in equity,

whether the deed contains a covenant of warranty or not; for the court acts in such cases not upon the contract exhibited by the deed merely, but because it is shown by the evidence that the deed does not operate as by the real contract it was intended, and conveys more or less than it should have done." See also Pom. Eq. Jur., sec. 858.

In this case the deed shows a sale in gross and not by the acre. There is no covenant for quantity in the deed, and the ground of relief must necessarily be based upon the fraud or misrepresentation of the vendor, or the mutual mistake of the parties, which induced the making of the contract. It was the duty of the court in this case to inform the jury that the deed evidenced a sale in gross, and that they must determine the cause upon the parol evidence showing fraud, misrepresentation, or mistake. There can be no question that in cases of this character, as well as in every other description of contract, good faith is required, and that parol evidence of fraud, misrepresentation, or mistake inducing the contract is permissible. O'Connell v. Duke, 29 Texas, 300; Weir v. McGee, 25 Texas Supp., 20.

If the parties were mutually mistaken as to the quantity of the land, and the disparity is great between the actual amount of the land and that sold, and the quantity was a material element of inducement in the sale, equity will allow the purchaser to retain his bargain and relieve him from payment for that which he does not get. Mitchell v. Zimmerman, 4 Texas, 75; Walling v. Kennard, 10 Texas, 508; Smith v. Fly, 24 Texas, 345; O'Connell v. Duke, 29 Texas, 300; Wheeler v. Boyd, 69 Texas, 298.

The evidence fails to show any fraud upon the part of the vendor, and also establishes that she did not take into consideration the quantity of the land, but was selling her farm for a fixed price, regardless of the number of acres. Neither is there any testimony tending to establish that appellee was induced to make the purchase because of the representation as to quantity, or that he would not have bought had he known that there were 234 acres instead of 264. The amount per acre was never mentioned between the parties, and it appears, both from recitals in the deed and the parol testimony, that it was a sale in bulk of a farm, without reference to the quantity. "If a mistake is made by one or both parties in reference to some fact which, though connected with the transaction, is merely incidental, and not a part of the very subject matter, or essential to any of its terms, or if the complaining party fails to show that his conduct was in reality determined by it, in either case the mistake will not be ground for any relief, affirmative or defensive." Pom. Eq. Jur., sec. 856.

There is no evidence as what was the value of the improved and unimproved land, nor as to whether the deficiency was in the improved or unimproved part of the land, and there was, therefore, no basis for a calculation of the sum that should be deducted from the amount of the purchase money. To arrive at the correct amount to be deducted from the purchase price in case of a recovery by appellee, the character of the land in which there was a deficit should have been shown, together

with its value at the date of the deed.   Appellee would be entitled to a credit on his indebtedness only to the extent of the actual value of the deficiency in the land at the time the deed was executed, and any interest on the same paid by him.   Wheeler v. Boyd, 69 Texas, 293; Dubois v. Rooney, 82 Texas, 173; Paschall v. Penry, 82 Texas, 674.   The above ruling is made in view of proof that Mrs. Wuest had represented that there were twenty-five acres of the tract in cultivation, and proof that the cultivated land was the most valuable part of the land.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*