(100 App. Div. 427)

## GAUSE v. COMMONWEALTH TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 20, 1905.)

1. SALE OF STOCK—BROKER'S CONTRACT—BREACH—COMPLAINT.

A complaint alleged that plaintiff owned certain securities, which he gave to defendant, a corporation, under an agreement that it should sell the same at its discretion, within a certain time, defendant agreeing that plaintiff should receive for the stock a named sum of money; that thereafter plaintiff placed the stock at defendant's disposal, and repeatedly tendered it to defendant, but that the time had passed without payment of the amount agreed on. *Held*, that plaintiff, under such agreement, was not entitled to recover the amount defendant had agreed plaintiff should receive for the stock, but only for breach of defendant's covenant of sale, and hence the complaint was demurrable for failure to allege a breach of such covenant or that plaintiff had sustained damage thereby.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Action by Harry T. Gause against the Commonwealth Trust Company of New York. From an interlocutory judgment (89 N. Y. Supp. 723) sustaining demurrers to the various affirmative defenses in defendant's amended answer and to a counterclaim therein, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

C. E. Souther, for appellant.

H. Taylor, for respondent.

VAN BRUNT, P. J. The complaint in this action alleges that on August 28, 1902, the plaintiff was the owner of certain bonds and stocks therein mentioned; that at that date the plaintiff and the defendant entered into an agreement in writing, whereby the plaintiff agreed to and did put all the above-mentioned securities at the disposal of the defendant, giving to the defendant the exclusive right to sell them according to its judgment and discretion; that in consideration thereof the defendant undertook the sale of the securities, and further covenanted that they would be sold on or before August 25, 1903, and the plaintiff receive by that date for the same a price (less the ordinary brokerage expenses) which would amount to the sum of $404,630. The complaint further alleged that the plaintiff duly performed all the conditions of the agreement on his part to be performed, and put all of the securities at the disposal of the defendant, and refrained from making any offer to sell the same, and that the securities have been ever since the date of the agreement, and still are, at the disposal of the defendant; that the plaintiff is ready and willing to turn the same over to the defendant, and has repeatedly tendered them to the defendant; and that August 25, 1903, had passed prior to the commencement of the action, but that the defendant had not paid to the plaintiff said sum which it had agreed to pay on or before that date. The defendant, by its answer, set up several affirmative defenses and a counterclaim. To some of these defenses and to the counterclaim demurrers were interposed, which were sustained, and from the interlocutory judgment thereupon entered this appeal is taken.

Upon the argument of these demurrers in the court below, and also upon this appeal, the sufficiency of the complaint has been attacked by the defendant; and that is the only question which it seems necessary to consider at this time. It is sought to sustain the allegations of the complaint upon the ground that they allege an undertaking upon the part of the defendant on or before the date mentioned in the complaint to pay to the plaintiff a certain sum of money, which it has not done. If the complaint were susceptible of this construction, it might be sustained. But it seems to us that the cause of action alleged is entirely different in its character. It is clear that under the contract alleged in the complaint the defendant had no right to become the purchaser of these securities. It undertook to sell the same, and was bound to sell for the best price that could be obtained; and, if a higher price than that named in the agreement had been received upon their sale, the defendant would have been required to account for the same to the plaintiff, and its obligation under the contract would not have been satisfied by the mere payment of the sum mentioned in the complaint. The agreement mentioned in the complaint made the defendant the selling agent of the plaintiff of the securities therein mentioned, and contained a covenant upon the part of the defendant that these securities, if it were allowed to dispose of the same, would realize a certain sum; and it is the breach of that covenant, if any, that forms the basis of the cause of action. There was no promise to pay the sum mentioned in the complaint by the defendant, but only a covenant that, if it had the exclusive disposition of the securities, they would realize that sum. The ownership of the securities remained in the plaintiff, and still remains in him, and without the consent of the plaintiff the defendant could not become the purchaser thereof.

The cause of action, if any, alleged, was not a breach of a covenant to pay a certain sum of money, but to perform a certain duty, namely, to sell these securities, and a covenant that they would realize a certain sum at least. There were no allegations whatever contained in this complaint tending to show that by reason of the breach of this covenant of sale the plaintiff has suffered any damage whatever. It seems to us, therefore, that, there being no covenant to pay the sum mentioned in the complaint, and it being the duty of the defendant to sell these securities, and to account for the proceeds to the plaintiff, which it covenanted would realize at least a certain sum, whatever right of action the plaintiff has is for a breach of these covenants. We think that the complaint was insufficient, and for that reason the demurrers should have been overruled.

The judgment should be reversed, with costs, and the demurrers overruled, with costs, with leave to the plaintiff to amend on payment of costs in this court and in the court below. All concur, except O'BRIEN, J., who dissents on opinion of LEVENTRITT, J., in the court below.