### GAUSE v. COMMONWEALTH TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. DAMAGES—BREACH OF CONTRACT—SALE OF ANOTHER'S PROPERTY.

Where one who has agreed to sell for another by a certain time stocks and bonds at not less than a fixed minimum price fails to sell such property, the measure of damages is the difference between such minimum price and the value of the property at the expiration of the time fixed.

2. SAME—SUFFICIENCY OF COMPLAINT.

In an action on a contract by which defendant agreed to sell certain stocks and bonds for plaintiff, by a certain time, at not less than a fixed minimum price, plaintiff alleged defendant's failure to sell or account, and that this was to his damage in a certain sum. *Held* a sufficient allegation of damage as against demurrer to entitle plaintiff to judgment for the amount specified.

3. CONTRACTS—LIABILITY ON BREACH—SELLING FOR OTHERS—GUARANTY OF SALE—TERMINATION OF CONTRACT.

Where a contract by which one agreed to sell stocks and bonds for another by a certain time at a fixed minimum price contained a further stipulation that the agreement should become "null and void" on the day by which the property was to be sold, or on the sale of the property and accounting at any previous time, such further stipulation did not do away with the obligation to compensate the owner for a failure to sell the stock by the time fixed.

Appeal from Special Term, New York County.

Action by Harry T. Gause against the Commonwealth Trust Company of New York. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

See 91 N. Y. Supp. 847.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Charles Edward Souther, for appellant.

Howard Taylor, for respondent.

INGRAHAM, J. To the original complaint in this action the defendant demurred, which demurrer was sustained by this court. 100 App. Div. 427, 91 N. Y. Supp. 847. In pursuance of the leave granted the plaintiff amended the complaint, to which the defendant again demurred, which demurrer was overruled, and the sufficiency of the amended complaint is now before us.

The action is brought upon a contract, a copy of which is annexed to the complaint. By that contract the defendant was the party of the first part and the plaintiff the party of the second part. It recites that "it is the mutual desire of the parties hereto that the securities of the United States Shipbuilding Company shall be sold to the best advantage, both parties being interested in same"; that a selling syndicate had been formed to arrange for such sales, and for other purposes, under an agreement providing for the deposit of all of said securities of the United States Shipbuilding Company, except those of the plaintiff, with the defendant, for such purposes, and that both parties would in good faith co-operate with the said syndicate in furthering such object; and that the agreement was intended to be an aid to the same. It was then agreed that the plaintiff should deposit with the defendant all of his bonds and shares of preferred and common stock of the United States Shipbuilding Company under the terms and conditions of the agreement, and that the defendant would use and dispose of said securities of the plaintiff as in its judgment should be necessary to further the purposes of the syndicate, and, in so doing, would do whatever was necessary to insure equal benefits to the plaintiff pro rata to his holdings of said securities that were enjoyed at any time by the vendors, who should be or become parties to the agreement with said syndicate in connection with the sale and disposition of said securities or the proceeds of the sale of the same, and it (defendant)—

"Hereby guaranties to the party of the second part [plaintiff] the sale of all of his said securities in or about August 25, 1903, whether through the efforts of said syndicate or otherwise, and the party of the first part agrees to account to the party of the second part, on or before the 25th day of August, 1903, and that the prices thereof shall be on a basis which will realize to the party of the second part not less than 95 per cent. of the par value of the bonds and 68 per cent. of the par value of the said preferred stock and 25 per cent. of the par value of the said common stock, less brokerage expenses, as hereinafter stated, and the party of the first part hereby agrees to pay to the party of the second part the interest on the bonds as and when received from the United States Shipbuilding Company during the period of this agreement; and in case of their sale or any of them during the period of this agreement, and if under such circumstances it elects to retain the proceeds of the sale of them, under the provisions hereof, until the final accounting hereunder, the party of the first part agrees to pay to the party of the second part the accrued interest on such bonds as may be sold up to the dates of their sale, and also interest on the proceeds of the sale of same, at the same rate that the bonds would have earned if same had not been deposited under the terms of this agreement, said payments of interest to be made January 1st and July 1st, 1903, if this agreement is not sooner terminated, but at its termination at any time payment is to be made in full."

The agreement further provides that the defendant is accorded the exclusive right to sell the said securities of the plaintiff during the period of the agreement, and that the defendant shall have the authority,

from time to time and at any time, to pay the usual brokerage and brokers' expenses, if any, in connection with the sale of the securities of the plaintiff, and that—

"No obligation or liability in addition to those herein expressed shall be implied against the said party of the first part; it being the spirit and intent of this agreement that said securities are deposited as named under a guaranty of sale at not less than the minimum figures hereinbefore mentioned, and all proceeds of sales are to be accounted for at the figures at which such sales shall be made, and the same with all incidental net profits in connection with the same."

In construing this agreement, in connection with the allegations of the original complaint, this court held:

"It is clear that under the contract alleged in the complaint the defendant had no right to become the purchaser of these securities. It undertook to sell the same and was bound to sell for the best price that could be obtained, and, if a higher price than that named in the agreement had been received upon their sale, the defendant would have been required to account for the same to the plaintiff, and its obligation under the contract would not have been satisfied by the mere payment of the sum mentioned in the complaint. * * * The cause of action, if any, alleged was not a breach of a covenant to pay a certain sum of money, but to perform a certain duty, namely, to sell these securities, and a covenant that they would realize a certain sum at least. There were no allegations whatever contained in this complaint tending to show that by reason of the breach of this covenant of sale the plaintiff has suffered any damages whatever." 100 App. Div. 427, 91 N. Y. Supp. 847.

Accepting this construction of the contract, as we must on this appeal, the question is whether the plaintiff has now alleged facts which show that by reason of the failure of the defendant to sell these securities within the year the plaintiff has sustained damage. There can be no question but that under this agreement the defendant agreed to sell these securities, owned by the plaintiff, within one year from the date of the agreement at a price not less than that specified therein, and undertook that the plaintiff should receive at the end of the year the price specified. The complaint alleges that at the time of the making of this agreement the securities themselves were not actually engraved and made out, but that as soon as this was accomplished, to wit, in January, 1903, the plaintiff notified the defendant that the securities were in his possession, and offered to deposit them bodily with the defendant pursuant to the terms of the agreement; that the defendant requested that the plaintiff hold them in his possession, but at its use and disposal, subject to the terms of the agreement, and this the plaintiff did; that the securities had been ever since the date of the agreement, and during the entire period thereof, at the disposal of the defendant, held for its use, at its request, and subject to its order; and that the plaintiff repeatedly tendered the securities to the defendant prior to August 25, 1903, and since that date had been, and was then, ready and willing to turn the same over to the defendant, and offers to do so. This allegation is admitted by the demurrer. The plaintiff still having the possession of the securities, however, and the action being in form one to recover the damages sustained by the plaintiff in consequence of a breach of the agreement by the defendant to sell the securities at a price not less than that fixed in the agreement before August 25, 1903, it is ob-

vious that the damages that the plaintiff sustained in consequence of a breach of this agreement by the defendant was the difference between the value of the securities on August 25, 1903, and the minimum price at which the defendant agreed that they should be sold. Upon this point the complaint alleges that "the defendant failed to make any sales of the securities aforementioned, as plaintiff has been informed and believes. Certainly the defendant failed to account to the plaintiff as provided in the agreement. It has never accounted to the plaintiff in regard to any of the securities, nor paid nor caused to be paid to the plaintiff any sum whatever for or on sale of the same," and that the above has been to the plaintiff's damage in the sum of $404,630, with interest from August 25, 1903.

It is a familiar rule that, where a contract and a breach thereof by the defendant is alleged, the plaintiff is at least entitled to nominal damages, and although a complaint should fail to allege damages, the plaintiff being entitled to nominal damages, the complaint is not demurrable. It is in substance alleged that on the 25th·day of August, 1903, the securities which the plaintiff undertook to sell at a price named had become valueless, and that thereby the plaintiff had sustained damage to an amount specified. This, upon demurrer, is clearly a sufficient allegation of damage to entitle the plaintiff upon facts conceded by the demurrer to a judgment for the amount specified. The learned counsel for the defendant, however, contends that, by virtue of the seventh clause of the agreement, after the 25th day of August, 1903, there was no obligation upon the defendant. That clause is as follows:

"This agreement and all it contains shall become null and void on August 25, 1903, or at any time prior thereto coincident with the sale of and settlement for all of the said securities of the party of the second part or the termination of the said syndicate by the fulfillment of its agreement with the other vendors and underwriters of the said securities."

This clause must be read in connection with the balance of the agreement. By the agreement the defendant was not required to account to the plaintiff for the proceeds of the securities sold by it until August 25, 1903. If the defendant's contention is sustained, then, no matter what price the defendant had received from the sale of the plaintiff's securities prior to that time, it would be under no obligation to account for them. It is quite clear that what was intended was that the defendant agreed to sell the securities prior to August 25, 1903, and to account to the plaintiff for the proceeds. It further guarantied that it would sell the securities at a price named within that period. Thus, on the 25th day of August, 1903, the defendant would either have in its hands the proceeds of the sale of the securities named, or would be under an obligation to pay to the plaintiff the amount which it had guarantied the securities would be sold for prior to the 25th day of August, 1903. Its obligation to the defendant would, therefore, become fixed at that date. It would be under no obligation to hold the securities and sell them at a subsequent period, although they should then be salable at a higher price. It was certainly not intended to relieve the defendant from its obligation to account to the plaintiff for the value of the securities that it had sold, or for the amount that the securities would realize at the

price named, which the defendant had guarantied should be realized prior to that time.

While the intention of the parties is not clearly expressed, there is, I think, no doubt of what was intended. The defendant was to sell the securities prior to August 25, 1903, at a price not less than that named in the contract. If the securities were sold, it was to account to the plaintiff for the amount realized. It, however, guarantied that it would sell the securities at the specified prices prior to that date, and if on that date the securities had not been sold the plaintiff would be entitled to recover for a breach of its contract. On the 25th day of August, 1903, the contract was to become null and void, but the obligation of the defendant to the plaintiff, as fixed upon that date, was not affected by this clause. In construing contracts of this kind, we are to ascertain the intention of the parties and give it due effect; and to hold that this seventh clause of the agreement terminated all liability of the defendant on the contract on the 25th day of August, 1903, would in effect nullify the whole arrangement between the parties, a result which certainly was not contemplated by either party when the agreement was made.

I think that the complaint set forth a good cause of action, and that the demurrer was properly overruled. It follows that the judgment appealed from should be affirmed, with costs; with leave to the defendant to withdraw the demurrer and answer within 20 days on payment of costs in this court and in the court below. All concur.