ADAMS v. FIDELITY LUMBER CO.
(No. 277.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 19, 1918. Rehearing Denied March 20, 1918.)

1. LOGS AND LOGGING ⊜⟹3(14) — TIMBER DEEDS—REVERSION.
Where a deed conveying timber provides a definite time within which the timber is to be cut and removed, all timber not so cut within the time limited reverts to the grantor and those holding under him, notwithstanding the deed does not in terms provide for any reversion.

2. LOGS AND LOGGING ⊜⟹3(11) — TIMBER DEEDS—CONSTRUCTION—REVERSION.
Where a landowner conveyed timber under a deed giving the grantee 15 years for removal, with provision for extension of time, and the heirs of such landowner conveyed the land, save and except the timber included in the deed of their ancestor, the reversion rights in the timber did not pass to the grantee, and the heirs of the original owner alone are entitled to receive the consideration for an extension of the period of removal.

3. CONTRACTS ⊜⟹153—CONSTRUCTION—FORFEITURE.
Where a contract is susceptible of two reasonable constructions, the court will adopt that construction which will prevent a forfeiture.

4. LOGS AND LOGGING ⊜⟹3(11) — TIMBER DEEDS—RIGHT OF REMOVAL—FORFEITURE.
A deed to timber gave the grantee and his assigns a period of 15 years for removal, and provided that the contract might be extended for the term of 10 years on the payment of 10 cents per acre per annum, the grantee's successor, at the expiration of the period limited, tendered one annual payment to the persons then entitled to the reversion, and by its conduct showed that it desired to obtain the extension. Held that, as the original consideration applied to the provision for renewal, and as the grantee's successor made a bona fide offer to secure an extension, the provision for the extension should not be construed as an option contract, requiring payment for the whole of the 10-year period in advance, but the deed should be construed as authorizing annual renewals.

5. LOGS AND LOGGING ⊜⟹3(11) — TIMBER DEEDS—RENEWAL—CONSTRUCTION.
In such case, where the timber deed specified the acreage as 2,350 acres, more or less, the annual payment for extension should be computed on that acreage, even though it subsequently developed that the land was greater in area.

Appeal from District Court, Tyler County; W. R. Blackshear, Judge.

Suit by the Fidelity Lumber Company against Alma Adams and others. From the judgment, the named defendant appeals, while plaintiff assigns cross-errors. Reformed and affirmed.

Smith & Crawford and John Hancock, all of Beaumont, and J. A. Mooney, of Woodville, for appellant. Baker, Botts, Parker & Garwood, of Houston, and Thomas & Wheat, of Woodville, for appellee.

KING, J. Appellee sued appellant, Alma Adams, W. E. Adams, W. M. Cock, and Ollie Cock for the title and possession of the pine timber on 2,960 acres of land, R. Wiggins survey in Tyler county, claiming to own the same by virtue of a certain timber deed executed on November 23, 1901, by Lottie Cock, William Cock, and Ollie Cock to W. L. Carwile, appellee holding under a deed from Carwile. The deed gave to Carwile and his assigns the right to cut and remove the same for a period of 15 years from date, and further provided that:

"This contract may be extended for the term of 10 years upon the payment to me of the sum of ten cents (10¢) per acre per annum."

All the title and interest in and to the land passed to J. H. Adams by deed from the heirs of Lottie Cock, dated the 4th day of September, 1914, said deed being recorded October 19, 1916. J. H. Adams conveyed to W. E. Adams said land on September 5, 1914, by deed which was filed for record on October 11, 1916. W. E. Adams conveyed the land to Alma Adams by deed dated September 20, 1915, which was filed for record October

19, 1916. In the deed from the heirs of Lottie Cock to J. H. Adams is contained the following exception:

"Save and except all pine timber to be removed from the land above described within 15 years from November 23, 1901, as per timber deed of Lottie Cock et al. to W. L. Carwile, same is hereby referred to and made a part hereof, which is recorded in Volume 6, page 254, Tyler County Deed Records."

On the 14th day of December, 1916, William Cock and Ollie Cock, as heirs of Lottie Cock, executed the following confirmation deed to the appellant, Alma Adams:

"The State of Texas, Hardin County.

"Whereas, on the 4th day of September, 1914, for myself and as agent and attorney in fact for my sister Ollie Cock, I did convey to J. H. Adams certain lands and timber and which is fully described in said deed and which is recorded in Book 39, page 231 et seq. of the Deed Records of Tyler County, Texas; and whereas, said J. H. Adams conveyed said lands and timber to W. E. Adams, and said W. E. Adams to Alma Adams, who now owns said land and timber, subject, however, to such reservations as are stipulated in said deed and the record herein referred to; and whereas, I did convey all such equity as we or either of us had and reserved on November 23, 1901, in a timber deed to W. L. Carwile recorded in Volume Six (6), page 254, Tyler County Deed Records, and it is now our purpose to confirm the said equity reservation and forfeiture after the time limit in which to remove said pine timber; and whereas, the said 15 years has expired, and such remaining timber as was left on said land by said Carwile and his assigns is now the property of Alma Adams: Now, therefore, in consideration of the premises above mentioned and the further sum of one dollar, we do hereby quitclaim and convey all such right, title, claim, and interest which we may appear to have had on said 23d day of Nov., 1901, or at any time thereafter hereby vesting in said Alma Adams all such right, title, forfeiture, or reversion, and do by these presents warrant the title thereto to said Alma Adams, her heirs, executors, and assigns, forever against the lawful claims of every person whomsoever.

"Witness our hands this the 14th day of Dec., 1916. W. M. Cock. Ollie Cock, by My Agent and Attorney in Fact, W. M. Cock."

The timber was not cut and removed from the land at the time the original period of 15 years, as provided in the deed from Lottie Cock to Carwile, expired, to wit, on November 23, 1916.

The controlling issues raised by the pleadings are: (1) Whether under the deed to Carwile from Lottie Cock, the timber would revert to the owners of the land after the expiration of the 15-year term provided in the deed, in the absence of a reversion clause in the deed; and (2) did appellee substantially comply with the extension clause in the deed?

[1] Upon a trial before the court without a jury, judgment was rendered in favor of appellee, and the court held, as recited by the judgment, that the deed from the Cocks to Carwile did not provide for a forfeiture of timber rights, and that the plaintiff had not forfeited the right to the timber conveyed, and to the title to which appellee had succeeded, but that the time within which to cut and remove the timber should be extended for a period of 10 years from November 23, 1916, and that appellee should pay to appellant the sum of $296 per annum, the court finding that there was, in fact, 2,960 acres of land embraced in the description contained in the deed from Cock to Carwile, and that plaintiff should pay 10 cents per acre per annum for said extension, and that when all the pine timber was cut and removed the annual payments of $296 should cease. From this judgment appellant has perfected her appeal.

It is our opinion that, under a deed conveying timber which provides for a definite date within which the timber is to be cut and removed, all timber not so cut within said time limit reverts to the grantor in said timber deed, or those holding under him, notwithstanding the fact that the deed does not in terms provide such. The great weight of authority supports this holding. We therefore sustain appellant's assignments of error Nos. 1 and 2, in so far as they complain of the conclusion of the trial court in its judgment holding to the contrary.

[2-4] The question then recurs on the second issue, as to whether the appellee substantially complied with the provision in the deed from the Cocks to Carwile to entitle it to an extension as provided in the judgment of the court. On November 18, 1916, the appellee wrote to appellant the following letter:

"We are attaching hereto our check for $235, which represents the amount due you for one year's extension on 2,350 acres in the Roderick Wiggins league, known as the Lottie Cock survey. According to the records, you are the owner of this tract. A carbon of this letter is being addressed and sent to the names appearing on the foot of the letter. You understand the check inclosed is for the extension period running from November 23, 1916, to November 23, 1917. We are also inclosing a receipt, which you will please sign in the presence of witnesses and return to us for our files."

In this letter was inclosed the following receipt:

"$235.00.　　　　　November 19, 1916.

"Received of the Fidelity Lumber Company the sum of $235 for one year's extension of the time in which to cut and remove the timber now owned by the Fidelity Lumber Company in the Lottie Cock tract of 2,350 acres out of the Roderick Wiggins survey, in Tyler county, Texas, hereby extending such rights from November 23, 1916, to November 23, 1917."

On November 22, 1916, one day before the 15-year limit had expired, appellant returned the check to the appellee, writing it that the extension was asked for only one year, and that the check sent was made payable to herself and others, and that she was the sole owner of said land and entitled to all of said money. On November 20, 1916, appellant wrote appellee that its right to cut and remove the timber would expire on the 23d of November, and that whatever arrangements for an extension of the time within which to cut and remove the timber desired must be made prior to the 23d day of No-

vember. On November 22, 1916, appellee mailed to William Cock the same check and receipt formerly sent to appellant for an extension of time for one year, which check and receipt was returned on the 29th day of November. On December 15, 1916, appellant notified appellee that the time limit within which to cut and remove the pine timber had expired. On December 16, 1916, a formal tender to appellant of $235 was made for an extension of 12 months from November 23, 1916. About the last day of November, 1916, George S. Hayes testified, W. E. Adams, the admitted authorized attorney in fact and agent of appellant, agreed to accept the money. It is shown further that J. W. Thomas, attorney for appellee, had a conversation with W. E. Adams on the second Monday in December, 1916, and that Thomas offered to pay him, in behalf of appellant, the full amount of $235. J. E. Wheat, attorney for appellee, also, on the 13th of December, 1916, saw Mr. Adams in the latter's office and handed him two receipts, one to be executed by Alma Adams and the other by the Cocks. W. E. Adams took the receipts and left, without saying what he would do; but by his own testimony it is shown that he went to Hardin county, the home of the Cocks, immediately, and secured the confirmation deed from the Cocks to Alma Adams.

By virtue of the exception and reservation in the deed from the Cocks to J. H. Adams, no timber rights passed to appellant, and William and Ollie Cock, under this exception and reservation in the deed, as heirs of Lottie Cock, were the only and proper persons to grant the extension provided for in the deed from their mother to W. L. Carwile. Two hundred and thirty-five dollars were tendered to the Cocks prior to November 23, 1916, the date of the expiration of the 15-year period, and appellant does not attack this tender by any assignments of error. Not until the confirmation deed of December 14th, did appellant succeed to the rights held by the Cocks with reference to this timber. This confirmation deed was filed of record on the 15th of December. On the next day a formal tender for one year's extension, based upon 2,350 acreage, as estimated in the deed (that is, $235) was made to appellant.

Appellant says by her assignments, that under the clause providing that the contract may be extended for the term of 10 years from the payment of the sum of 10 cents per acre per annum, that it was necessary to tender and pay 10 cents per acre for the full period of 10 years, and that appellee had no right under said clause to ask and obtain extension for one year only. Bearing in mind that the law abhors forfeitures and looking closely to the wording of said clause, it is evident that the parties had in mind that the extension of 10 years mentioned was a maximum time, and that the grantee in said timber deed and his assigns had a right to extend the time annually, not to exceed 10 years, and that they were only required to pay 10 cents per acre per annum. It will be seen that the contract, while it literally says that it may be extended for "the term of 10 years," yet it says that the payment is to be made 10 cents per acre per annum, which was in the nature of a penalty by the year, and certainly it would be a strained construction to hold that, if the timber had been removed, say within 1 year or 2 years, that the contracting parties should have had in mind to penalize the grantee for 8 or 9 years, when the grantor's lands were not held or used by the grantee in connection with the growing, cutting and removal of timber. To construe this clause literally would do mischief, and would forfeit a valuable right, which, under all the circumstances, we do not believe is justified or to have been the intention of the parties.

We cannot agree with appellant in her contention that this extension clause is strictly a unilateral contract in the nature of an option, but a reasonable construction of the entire deed is that the grantee and its assigns should have 15 years within which to cut and remove the timber for the original consideration, but that at the end of said 15-year period, that they should pay an additional consideration of 10 cents per acre per annum. Reason dictates that the parties had in mind, at the time of the contract, that in the event of a failure, for any reason, to cut and remove the timber within the 15-year period, that an extension would be desired and therefore it does not come under the rule of strictly unilateral contracts in the nature of an option. There is a distinction between a contract of this kind and most of the contracts under consideration in the cases cited by appellant. Their strongest cases are with reference to the lease of premises for a definite period, with the privilege of extending same to longer periods, and that, in order for the lessee in the contracts to avail themselves of the extension they should strictly comply with the terms of the contract giving them a right to the extension.

We understand that it is our duty, in construing a provision of a contract that is subject to two reasonable constructions, to so construe same as to prevent a forfeiture. It will be observed that it is not provided in the deed from Cock to Carwile that the 10 cents per acre per annum should be paid in advance for the extension, and, in the absence of a provision to this effect, we do not think that time of payment of the 10 cents per annum per acre is of the essence of this provision, and that the notice to Alma Adams and to the Cocks, together with the tender of the check to the Cocks and Adams, before the 15-year time limit expired and the formal tender to Alma Adams after the time limit ex-

pired, and after she had acquired the Cocks' rights under the confirmation deed, and the other conduct of appellees, as disclosed by the record, clearly discloses that it was their desire and that they were making diligent effort in good faith, to comply with the extension clause in the deed, in order to prevent a forfeiture. It would be inequitable, under all the circumstances disclosed by the record, to declare a forfeiture as against appellee.

We therefore overrule appellant's assignments of error Nos. 3, 4, 5, 6, 7, and 8.

[5] Appellee presents in its brief by cross-assignment complaint against the action of the trial court in rendering judgment for Alma Adams for the sum of $296, instead of the sum of $235, its propositions under said assignments being:

(1) "In the absence of an allegation of fraud and proof thereof, appellant is bound by the estimation of acreage in the deed from the Cocks to Carwile, dated November 23, 1901;" and (2) "the basis for computing the payment for extension was expressly fixed by the contract."

This deed expresses a consideration of $1 in cash paid and other valuable considerations; the granting clause being as follows:

"Have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said W. L. Carwile all of the pine timber now standing and growing upon 2,350 acres approximated of land, situated in the county of Tyler, state of Texas, the same being the eastern portion of the R. Wiggins survey of land, the said 2,350 acres of land upon which said timber is now standing and growing is more particularly described as follows: [Then follows the description of the land by metes and bounds, which ends with "containing 2,350 acres of land, more or less."]"

No allegation in appellant's pleading charges fraud or misrepresentation in regard to the approximated estimate of the acreage in the Wiggins tract, which was the basis agreed upon to determine the compensation, and consequently there is no testimony in the record bearing upon the question of fraud or mistake in the acreage. This deed clearly evidences a sale of timber in gross, and that the parties to the deed intended to risk a gain or loss in the approximated quantity of the land. Sibley v. Haynes, 96 Tex. 78, 70 S. W. 538; Rich v. Ferguson, 45 Tex. 396; Watson v. Cline, 42 S. W. 1037; Yates v. Buttrell, 63 Tex. Civ. App. 452, 132 S. W. 832; Lawrence v. Simonton, 13 Tex. 220; Wuest v. Moehrig, 24 Tex. Civ. App. 124, 57 S. W. 864; Tiffee v. Linsley, 10 Tex. Civ. App. 465, 32 S. W. 80.

Applying the rules laid down in these authorities, we hold that, in the absence of an allegation and proof of fraud or mistake, as in this case, appellee is required to pay 10 cents per acre per annum on the 2,350 acres, as approximated in the deed, instead of 10 cents per acre per annum on the actual number of acres contained in the survey, and that the court erred in rendering judgment against appellee for the sum of $296, instead of the sum of $235, per annum. We therefore reform said judgment to this extent.

The judgment is so reformed and affirmed.

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes