## COCK v. NORWOOD. (No. 2593.)*

(Court of Civil Appeals of Texas. Texarkana.
June 22, 1922. Rehearing Denied
June 29, 1922.)

1. Covenants ⬤➞46—Covenant of warranty applies to title and not quantity of land.

The general covenant of warranty in a deed applies to the title and not to the quantity of land.

2. Vendor and purchaser ⬤➞80—Evidence held to support finding that lot was bought in gross.

In action on vendor's lien note defended on the ground that there was a deficiency in the quantity of land sold, evidence *held* to sustain finding that land was bought in gross for a specified sum, and not by the front foot or by the square foot.

3. Vendor and purchaser ⬤➞176—Purchaser not entitled to reduction in purchase price by reason of deficiency where lot was sold in gross.

Where a lot was bought in gross and not by the front foot or the square foot, the fact that the lot was not as large as stated in the deed did not entitle purchaser to a reduction in the purchase price, in the absence of a showing of fraud.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by Mrs. Mary E. Norwood against W. T. Cock. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellee brought the suit against the appellant on a vendor's lien note executed by appellant and payable to appellee or order in the sum of $500, praying for judgment for the amount of the note, interest, and attorney's fee, and for foreclosure of the vendor's lien on the land specially described. The appellant filed a general denial, and specially answered admitting that he purchased and agreed to pay the price for the land mentioned, but averred as a defense that there was a deficiency or shortage, setting up the deficiency, in the quantity of land sold and intended to be conveyed, and prayed that he have credit on the purchase-money note sued on for the reasonable value of the deficiency, alleged to be 40 cents per square foot. The allegations of the answer are:

"Defendant says that there is a deficiency or shortage in the quantity of said land which was not known to the defendant at the time he purchased the same, and he verily believes that the plaintiff did not know of the shortage or deficiency, and therefore there was a mutual mistake by the plaintiff and the defendant as to the quantity of said land sold and intended to be conveyed. Defendant says that he purchased the tract of land fronting 60 feet on West Houston avenue in the city of Marshall, and running back 90 feet, being in a square 90 feet north and south and 60 feet east and west. But defendant says the deficiency or shortage is ——— (Here follows description.) That he agreed to pay for the whole of said land, 60 by 90 feet, the sum of $2,000, and that he paid all of same except the note sued on. That he prays that he have credit on the purchase money for the reasonable value of the deficiency."

By a supplemental petition the appellee pleaded that the land was not sold and purchased according to its length and width and number of square feet, being 60 by 90 feet, but as a plot of land as it was defined and inclosed on the ground by brick walls and a fence and the street, and that the length of the lines of the lot and the shape of it as described in the deed are "misrecitals and misstatements in the deed" made by "mistake" of "the conveyancer who prepared the deed."

It appears that the appellee owned as her separate property a lot located about one block west of the public square in the city of Marshall, fronting south on West Houston avenue. The lot as it lay on the ground was bounded on the west by a two-story brick building owned by Mr. Spellings; on the south, by Houston avenue; on the east end, a part of the way, by a brick building; on the north, by a plank fence owned by Mr. Spellings. There was a small dwelling house on the lot. Appellant made an examination of the lot, and knew and understood its location and surroundings. After some negotiation the appellant and appellee agreed upon the purchase and sale of the lot. The appellee offered to sell the lot for $2,000.00. The appellant, as he says, "after looking at the property and examining the house to see if there were any salvage about it, I concluded it was worth $2,000.00, and bought it at that price."

On August 12, 1913, several days after the trade, the appellee, joined by her husband, executed and delivered to the appellant a warranty deed to the lot. Appellant was to pay $500 cash and execute three promissory notes for $500 each, with interest at 8 per cent., payable one, two, and three years, respectively, after date. Appellant paid two of the notes, but refused to pay the third note and interest, because, he claimed, there was, in actual measurement, a deficiency or shortage in the lot sold and conveyed, in that the lot was 55 feet across the north end, whereas the deed called for 60 feet; 5 feet across the south end, with the further existence on the southeast corner of an offset 10 feet east and west by 26 feet north and south, leaving a total of 15 feet shortage across the south end, whereas the deed called for 60 feet; the east and west lines were 77 feet long, whereas the deed called for the lines to be 90 feet long.

⬤➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction October 25, 1922.

The case was submitted to the jury on special issues, and the findings are:

(1) That appellant purchased the lot as a specific plot of ground inclosed by brick walls, a fence, and the street, and that $2,000 was the reasonable cash market value of the lot contained by those boundaries and description.

(2) That the appellee did not inform or say to the appellant at the time the sale of the lot was agreed upon, and before the deed was actually delivered, that the lot was 60 by 90 feet; but at the time the deed was actually delivered the appellee did say to the appellant that the lot was 60 by 90 feet; that appellant, when he accepted the deed, believed he was obtaining a lot 60 by 90 feet.

(3) That Mr. Langley, the scrivener, in preparing the deed to the appellant, by mistake described the lot as a lot 60 feet east and west by 90 feet north and south.

Upon this verdict a judgment was entered for plaintiff for the debt with interest and without foreclosure of the lien.

There is evidence to support the findings of the jury. The evidence shows that appellant, dealing in mules, desired the lot as a mule lot, and negotiated with appellee to buy same. Appellant testified as follows:

"During the time I was discussing with Mrs. Norwood about the purchase of this property I guess the whole discussion was with reference to the purchase of 'a house and lot.' There was nothing said about me paying her so much per square foot. That was not mentioned or thought of. During that time I ascertained she had a standing offer from Spellings, and also one from McPhail. Spellings owned a stable west of it, and McPhail owned a store east of it. * * * Before I ever spoke to Mrs. Norwood, in passing there, I looked at the lot. The lot was bounded on the west by Spellings' stable, and on the east by the little brick building in front, and I supposed the line ran straight back with the west side of the little building to the north line. This was before she agreed on the sale of the lot to me."

In his purchase of the property the appellant was not governed by the number of feet in the same, and there is evidence that appellee did not know, at the time of sale, of the measurements of the lot, and sold it in gross. The scrivener, in writing the deed, by mistake described the lot by measurements that made the lot larger than it measured on the ground.

Prendergast & Prendergast, of Marshall, for appellant.

Jones, Sexton & Jones, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1-3] It is the contention of appellant that the court should have rendered judgment for him; there being shown a material shortage in the quantity of the land purchased, and it appearing that such shortage was more in proportion to the entire purchase price than the $500 note sued on. There is no fraud alleged or shown on the part of the appellee which induced the appellant to make the purchase of the lot, and it is settled law that the general covenant of warranty in the deed applies to the title, and not to the quantity of land in the lot. Daughtrey v. Knolle, 44 Tex. 450; Eaton v. Tod (Tex. Civ. App.) 68 S. W. 546. The finding of the jury is, and there is evidence, to support it, that appellant purchased the land as it was defined and inclosed on the ground by the fence, buildings, and the street. Appellant bought the lot in gross for the sum of $2,000, and he did not buy, nor was he induced to buy, the lot by the front foot or by "paying her so much per square foot." In these facts the court did not err in rendering judgment for the amount of the note, as a personal judgment, as he did. Wuest v. Moehrig, 24 Tex. Civ. App. 124, 57 S. W. 864; Sibley v. Hayes, 96 Tex. 78, 70 S. W. 538; Tiffee v. Linsley, 10 Tex. Civ. App. 465, 32 S. W. 80.

The pleadings of appellee would support the personal judgment rendered. Appellee, in a supplemental petition, pleaded mistake of description in the deed. As found by the jury, the mistake of description was made in the deed and entirely by the scrivener preparing it. The court did not enter judgment foreclosing the vendor's lien, but entered judgment only on the note, as of a debt promised to be paid.

We have examined the other assignments, and think they should be overruled.

The judgment is affirmed.