## CITY OF ARANSAS PASS v. HAMON & GRIFFITH, Inc.

No. 13538.

Court of Civil Appeals of Texas. Fort Worth.

March 26, 1937.

Rehearing Denied May 7, 1937.

H. S. Bonham, M. W. Pitts, and J. A. Wood, all of Corpus Christi, for appellant.

Harold A. Carr and Boone, Henderson, Boone & Davis, all of Corpus Christi, for appellee.

BROWN, Associate Justice.

Appellant, City of Aransas Pass, having in mind the repairing, improving, and extension of its water and sewer systems, undertook such improvements as a PWA project and employed appellees Hamon & Griffith, Inc., as engineers.

The contract of employment is in writing and provides, among other things, that the owner agrees to pay the engineers for services rendered a fee of 6 per cent. of the cost of the work. The engineers' services provided for in the contract were to consist of necessary conferences, preparation of preliminary studies, working drawings, specifications, large scale and full size drawings, drafting of forms of proposals and contracts, issuance of certificates of payment, general administration of the business and supervision of the project, and all other pertinent, customary, and necessary engineering services pertaining to the improvements and extensions.

Under payments to the engineers the contract provides: "Upon the approval of the completed plans and letting of the contracts for construction, one-half (½) of the basic fee of 6% based upon the contract prices."

Paragraph 10 of the contract is as follows: "If said improvement project shall be abandoned, or if said Public Works Administration shall fail or refuse to extend to owner the loan and grant which has been promised owner, then this contract shall become null and void and engineer shall not perform further services hereunder."

It is undisputed that appellees rendered the following services to appellant: All necessary conferences, preparation of preliminary studies, working drawings, specifications, large scale and full size drawings, and the drafting of forms of proposals and contracts.

It is undisputed that the plans were approved and the construction contracts were let by the city council, but that for reasons considered sufficient by the city council the project was abandoned.

Appellees, not having been paid anything for the services rendered under the contract, brought suit in the district court of San Patricio county against appellant city, setting forth in the petition the services

actually rendered, and that the building contractors' bids, which had been accepted by appellant city, aggregated the sum of $32,864.65, and prayed for recovery of one half of the basic fee of 6 per cent. on such aggregate sum, to wit, the sum of $985.93.

The principal contention on the part of the appellant seems to be that, under the provisions of paragraph 10 of the contract quoted above, appellees are not entitled to recover anything under the contract.

The case was tried to a jury, and the court submitted only one special issue, with the explanation and definition in connection therewith as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that there was a wrongful abandonment by the City of Aransas Pass of the project of constructing additions and extensions to its water and sewer systems?

"Answer: Yes.

"In connection with the foregoing special issue you are instructed that by the term 'wrongful abandonment' is meant such an abandonment as would be had without reasonable grounds for believing the act to be lawful, and without legal justification."

The jury having answered the sole issue in the affirmative, judgment was thereupon rendered for appellees against said city in the sum of $985.93, with 6 per cent. interest thereon from April 11, 1935.

From this judgment an appeal was properly taken to the Court of Civil Appeals at San Antonio and the cause was, by the Supreme Court, transferred to this court for review.

Taking the view that we do of this case, we see no necessity of commenting upon the ten assignments of error brought forward in appellant's brief.

■ The first assignment of error covers the principal contention of appellant and is to the effect that the trial court erred in permitting appellees to recover on the contract because it expressly provides that if the project be abandoned the contract shall become null and void, and the undisputed evidence shows that the project was abandoned. We do not believe this contention is well taken. Even if paragraph 10 of the contract did contain the words, "shall become null and void," we do not feel justified in holding that under the plain terms of the contract appellees would not be entitled to recover the sum sued for. We do not believe that such a stipulation could prevent a recovery under this contract for the services actually rendered, the payment of which is specifically provided for, regardless of the matter of abandonment. But 'the contract goes further, and, after providing that, should the project be abandoned, the contract shall become null and void, specifically provides "and engineer shall not perform any further services hereunder." This, to our way of thinking, simply relieves the appellant of all obligation to the appellees after the abandonment, and could not in anywise serve to defeat appellees' right to recover for services rendered under the contract before the project was abandoned.

We do not believe that the authorities cited by appellant in support of its contention are pertinent to the issue before us. The following authorities cited by appellees sustain the view taken by us here: 13 C.J. 541; Phelps v. Johnson (Tex.Civ.App.) 181 S.W. 862; Sparkman v. Davenport, (Tex.Civ.App.) 160 S.W. 410; 13 C.J. 540; Adams v. Fidelity Lumber Co., (Tex.Civ. App.) 201 S.W. 1034; Nichols v. Lorenz (Tex.Civ.App.) 237 S.W. 629; Alabama Oil & Pipe Line Co. v. Sun Co., 99 Tex. 606, 92 S.W. 253; Hayes v. City of Nashville (C.C.A.) 80 F. 641; Bering Mfg. Co. v. W. T. Carter & Bro. (Tex.Civ.App.) 255 S.W. 243; 13 C.J. 606; Gause v. Commonwealth Trust Co., 111 App.Div. 530, 97 N.Y.S. 1091; Central Oil Co. v. Southern Refining Co., 154 Cal. 165, 97 P. 177.

■ Furthermore, we desire to say that, in so far as the recovery of the portion of the fee sued for is concerned, it makes little difference whether appellant wrongfully or rightfully abandoned the project. The fee sued for under the plain terms of the contract was due and payable to appellees, regardless of the motive or reason for the abandonment. Being of this opinion, even if the explanation and definition given by the trial court, in connection with the issues submitted to the jury, is erroneous and subject to the objections raised by appellant, the error would become harmless.

All assignments of error are overruled and the judgment of the trial court is affirmed.