VILLAGE OF ENDICOTT, Appellant, v PARLOR CITY CONTRACTING Co., INC., Defendant-Respondent and Third-Party Plaintiff-Appellant. BINGHAMTON CONCRETE PIPE AND PRODUCTS CORPORATION, Third-Party Defendant-Respondent.

Third Department, April 1, 1976

*Becker, Card, Levy & Richards, P.C. (Rodney A. Richards* of counsel), for appellant.

*Kramer, Wales & McAvoy (David W. Kramer* of counsel), for defendant-respondent and third-party plaintiff-appellant.

*Levene, Gouldin & Thompson (Robert H. Reeder* of counsel), for third-party defendant-respondent.

HERLIHY, J. On May 14, 1968, the plaintiff village and the defendant Parlor City Contracting Co., Inc. (hereinafter Parlor City) entered into a written contract for the construction of a storm sewer system in the village. Parlor City was to install the system, including certain specified pipe in accordance with certain plans and specifications, for a total consideration of $420,936.10. It appears undisputed that the village accepted the project as completed by Parlor City in 1969. In June of 1972 a portion of the sewer pipe burst and the village thereafter concluded that the pipe installed by Parlor City did not in fact conform to the contract specifications and commenced this action to recover damages consisting of the additional expense of pipe which would have conformed to the specifications, removing the old pipe, and installing the new pipe. Parlor City in turn commenced a third-party action against its supplier of the pipe, Binghamton Concrete Pipe and Products Corporation, alleging liability over in the event it was held liable to the village.

The trial court found that as a factual matter the record established that the pipe installed did not conform to any of the various specifications which might be deemed applicable to the contract requirements and this finding is not against the weight of the evidence. The court also found that even if the pipe had conformed to the specifications, it would not have had sufficient strength to withstand the pressures inherent in the project design and to which the pipe was subjected by rainfall in June of 1972. Specifically, the court found: "[T]he evidence presented establishes that the break in the pressure line was not caused by Parlor City's substitution of inadequately welded A.S.T.M. C76 pipe for pipe in conformance with Item 14, N.Y.S.D.P.W. 1957 Specifications, but rather resulted from the fact that the entire system was underdesigned for the amount of pressure it was ultimately required to withstand." Although the village disputes this latter finding upon appeal, the finding is supported by expert testimony and is not against the weight of the evidence.

We note, as did the trial court, that the engineer who designed the entire system and the person who approved all the designs, plans and specifications, did not testify at the trial.

The trial court concluded that the inadequacy of the design of the entire project for which the village was solely responsible was the proximate cause of the line break in June of 1972 and dismissed the village's complaint.

Upon this appeal the village contends that regardless of design deficiencies, the failure to provide complying pipe was a breach of contract and it is entitled to recover damages.

It is established that when a plaintiff proves a breach of contract he is generally entitled to nominal damages. *(Gause v Commonwealth Trust Co.,* 111 App Div 530; 13 NY Jur, Damages, § 6.) In the present case it appears that the village accepted the performance of the contract as complete in 1969. Paragraph 40 of the General Conditions of the contract provides that the contractor must remedy any defects which appear within one year of the final acceptance of the contract. Generally, the acceptance of the work and payment therefor precludes a later action by a party to the contract for defects in performance *(Hilltop Vil. Co-op. No. 4 v Kessler,* 15 AD2d 957). In the present case the General Conditions in paragraph 40 provided that liability for defects would continue for one year from final acceptance. That year, however, had passed prior to any demand by the village to remedy the pipe defect.

In this particular case the futility of replacing the defective or nonconforming pipe with the proper pipe would preclude anything other than nominal damages to the village as full compliance would be an economic waste. (Cf. *Bellizzi v Huntley Estates,* 3 NY2d 112, 115.) Further, although the plaintiff did not in its pleading state that it had complied with all contract conditions on its part (performance of contract conditions precedent need not be pleaded [CPLR 3015]), the complaint refers to payment and performance and the record establishes that, as a matter of law, there was no breach of contract by Parlor City unless it was notified of a defect observed within one year of final acceptance by the village and failed to remedy the same. It should be further noted that paragraph 7 of the General Conditions puts the burden of inspection and testing of construction materials upon the village.

The judgments should be affirmed, without costs.

GREENBLOTT, J.P., MAHONEY, MAIN and REYNOLDS, JJ., concur.

Judgments affirmed, without costs.